## THE STATE OF KANSAS V. JOHN BROWN.

1. RAPE, *Attempt to Commit—Resistance—Outcry.*  In a prosecution for an attempt to commit rape, where there is testimony that force was used in the attempt by the defendant, and a determined resistance made by the woman, the fact that no outcry was made will not necessarily defeat the conviction, especially in a case where the resistance made was effective in frustrating the attempt.

2. WANT OF CONSENT, *Must be Real.*  There must be a real want of consent, and the fact that no outcry was made by the woman, or that she did not mention the matter to others until a long time afterward, are proper considerations for the jury in determining whether her resistance was honest or only a mere pretense.

3. EVIDENCE *Sustains Conviction.*  The testimony examined, and *held* to be sufficient to sustain the conviction.

*Appeal from Pottawatomie District Court.*

THE opinion states the case.

*Codding & Challis,* for appellant.

*John T. Little,* attorney general, and *B. H. Tracy,* county attorney, for The State.

The opinion of the court was delivered by

JOHNSTON, J.: The defendant was convicted upon a charge of assault with intent to ravish and carnally know Edna L. Davis, and the punishment adjudged was 10 months' imprisonment in the county jail.  The only objection made upon this appeal is, that the testimony is insufficient to sustain the conviction.  Although there is considerable testimony that little, if any, force was used by defendant, and, although some of the circumstances are inconsistent with an earnest resistance by the girl, we think the judgment must stand.  The testimony of Edna tends to show that, while walking with defendant toward a neighbor's house, he solicited sexual intercourse with her, and, when she refused and attempted to leave him, he seized and dragged her into some standing corn that was near to them, pulled up her clothes, and, when she

escaped from him, he again ran after her and caught her, pulled up her clothes, and attempted to draw her person to his. She says that he caught her foot and tried to trip and throw her down, when she slapped his face; that he unbuttoned his clothes and disclosed his private parts; and that, while the struggle was in progress, and before he accomplished his purpose, a young man named Elmer Ray approached and said, "What has all this hallooing been about?" This interruption ended the attempt. The defendant admits that he asked her to submit to him, but testified that she willingly consented, and together they retired into a cornfield, where she lifted her skirts, and intercourse was had between them in a standing posture, without objection or resistance by her. There is some testimony tending to corroborate that of the defendant, as well as some which tends to discredit it; but the jury chose to believe the statements of the girl, and, upon the whole record, we cannot say that the verdict is without support.

It is contended that there was no outcry or determined resistance made by the girl, and that her conduct did not show a want of consent. It is true there was but little if any outcry, and that she did not tell anyone of the attempt until some time after it was made. Her own testimony, however, shows that she rejected his advances, and that there was such a determined resistance on her part as to prevent the accomplishment of his purpose until a third person came along and terminated the struggle. There must be a real want of consent; and the fact that no outcry was made, or that she did not mention the matter until a long time afterward, was a proper consideration for the jury in determining whether her resistance was honest or only a mere pretense. To sustain the conviction, it is not necessary that there should have been the greatest possible resistance of which she was capable, and especially is that true in a case where the resistance made was effective in frustrating the attempt. (*The State v. Montgomery,* 63 Mo. 296; *Commonwealth v. McDonald,* 110 Mass. 405; *The State v. Shields,* 45 Conn. 256; 19 Am. & Eng. Encyc.

of Law, 951.) Perhaps a showing of a greater resistance and more outcry would have been required to sustain a conviction for a consummated offense; but accepting her testimony to be true, which we must, we cannot say that the resistance was not made in good faith, nor that she did not make an honest and successful effort to defeat his lustful purpose. The judgment of the district court will be affirmed.

All the Justices concurring.