The State v. Oswalt.

THE STATE OF KANSAS v. J. F. OSWALT.

No. 14,435. (82 Pac. 586.)

SYLLABUS BY THE COURT.

1. RAPE—*Evidence of Subsequent Offense—Reversal.* Assuming that in a prosecution for statutory rape it is not competent for the state to show specific acts of sexual intercourse between the defendant and the complaining witness that took place after the act upon which reliance is had for a conviction, a judgment will not be reversed merely because testimony of that character is incidentally brought out during an examination upon another matter, especially where it does not clearly appear that the objectionable evidence relates to a subsequent and not to a prior transaction.

2. —— *Failure to Make Complaint—Instructions.* In a prosecution for statutory rape, where the use of force by the defendant is not charged, it is not material error for the court to refuse to give a special instruction that in weighing the evidence of the complaining witness, a girl seventeen years of age, the jury may consider the circumstance that she made no complaint immediately after the time the offense is alleged to have been committed.

Appeal from Decatur district court; ABEL C. T. GEIGER, judge. Opinion filed October 7, 1905. Affirmed.

*C. C. Coleman,* attorney-general, and *Jay F. Close,* assistant attorney-general, for The State.

*J. P. Noble,* and *J. F. Peters,* for appellant.

The opinion of the court was delivered by

MASON, J.:   J. F. Oswalt appeals from a conviction upon a charge of statutory rape, alleged to have been committed upon his daughter, seventeen years of age. A large number of assignments of error have been made and argued.   It is not thought that any good purpose would be served by reviewing them in detail. All of them have been carefully examined, and the conclusion is reached that no material error is shown. Some of the objections now made to the evidence do not appear to have been properly brought to the attention of the trial court.   Upon the whole record it does not appear that any substantial right of the defendant was invaded.   But two of the questions presented will be separately discussed.

Complaint is made that the state was permitted to show that sexual intercourse took place between the defendant and the complaining witness after the date alleged as that of the act relied upon for a conviction. According to the greater number of authorities, while it is competent for the state to show other similar acts preceding the commission of the offense (*The State v. Borchert,* 68 Kan. 360, 74 Pac. 1108), it is not permissible to give evidence of any such act occurring afterward.   The cases bearing on the question are collected in a note to *People v. Molineux,* 168 N. Y. 264, 61 N. E. 286, published in 62 L. R. A. 193, at pages 329 to 338.

Conceding this to be the proper rule, the present case affords no sufficient ground for its application. It is true that the complaining witness was permitted over the defendant's objection to testify that she had had intercourse with him in some other bed since some certain time referred to, which appears to have been the time the offense is charged to have been committed.

But this was upon redirect examination, after the witness had apparently been led upon cross-examination to say that she had never, at any time, had intercourse with her father in any other bed. The sole purpose of asking the question seems to have been to elicit a correction of an inaccurate statement upon a collateral and probably wholly immaterial matter which was brought out by the defendant, and which was not again referred to. It is obvious that there was no effort on the part of the prosecuting attorney to injure the defendant with the jury by showing the commission of a separate offense. The entire episode was incidental, and it is manifest that no prejudice to the defendant could have resulted from it. Moreover, it is not entirely clear that the time referred to, to which the act of intercourse was said to be subsequent, was that of the offense charged. In the course of the examination different dates and different acts had been mentioned, so that the question objected to was somewhat ambiguous in this respect. The objections then made, while technically sufficient to raise the question now presented, in virtue of including incompetency, did not direct specific attention to it. We are constrained to hold that no material error is shown in this regard.

The evidence tended to show that the complaining witness failed to make any definite complaint of the outrage committed upon her, and the defendant asked the court to instruct the jury that this was a circumstance that might be considered by them in determining the weight to be given to her testimony. The refusal to give this instruction is assigned as error.

In prosecutions upon the charge of common-law rape the inquiry whether an early complaint was made by the injured person has always been deemed of much importance, but chiefly as bearing upon the question of consent. (*The State v. Brown*, 54 Kan. 71, 37 Pac. 996; 23 A. & E. Encycl. of L. 862.) But where want of consent is no element of the offense, and is not alleged, and the complainant is old enough to compre-

hend the nature of the act charged, it is at least doubtful whether evidence can be received that she did or did not make immediate complaint. (*The State v. Daugherty,* 63 Kan. 473, 65 Pac. 695; *Loose v. The State,* 120 Wis. 115, 97 N. W. 526; *People v. Lee,* 119 Cal. 84, 51 Pac. 22; *Honselman v. The People,* 168 Ill. 172, 48 N. E. 304; *State v. Birchard,* 35 Ore. 484, 59 Pac. 468; *People v. Wilmot,* 139 Cal. 103, 72 Pac. 838.) Assuming, however, that in such a case evidence upon that head is competent, the matter is not there such an important one as to make it imperative that the court shall single it out and instruct specifically upon it.

Under the facts of this case, we hold that there was no error in refusing to give the instruction asked. The judgment is affirmed.

All the Justices concurring.