THE STATE OF KANSAS V. ROY M. STONE.

No. 14,819.   (85 Pac. 808.)

SYLLABUS BY THE COURT.

STATUTORY RAPE—*Evidence*—*Subsequent Offense and Conduct.*
A defendant was convicted of carnally knowing a female
under the age of eighteen years. *Held,* that under all the
correlated circumstances of the case no abuse of the trial
court's discretion is shown by the admission of evidence of an
act of sexual intercourse between the defendant and the
prosecutrix occurring fifteen months after the one charged,
of a succeeding attempt at abortion, of renewals of a pre-
vious promise of marriage, of the flight of the defendant,
and of the birth of a child as a result of the second carnal act.

Appeal from Montgomery district court; THOMAS J.
FLANNELLY, judge. Opinion filed June 9, 1906. Af-
firmed.

*C. C. Coleman,* attorney-general, and *Thomas E.
Wagstaff,* county attorney, for The State; *S. H. Piper,*
of counsel.

*O. P. Ergenbright,* and *J. B. Tomlinson,* for ap-
pellant; *J. R. Charlton,* of counsel.

The opinion of the court was delivered by

BURCH, J.: Appellant was convicted of the crime of
carnally knowing a female under the age of eighteen
years. The principal errors assigned are that in his
opening statement to the jury the county attorney re-
lated facts which he expected to prove concerning the
relations of appellant and the prosecutrix occurring
subsequent to the date of the crime charged, and in-
volving other punishable offenses; that evidence of
the character outlined in the opening statement for the
prosecution was introduced; that the cross-examina-
tion of appellant as a witness in his own behalf was
unduly extended; and that the evidence was insufficient
to support one of the material allegations of the in-
formation.

If the evidence itself was proper the statement of it to the jury was proper. Therefore the first two propositions present but one legal question. The evidence need only be sketched. It discloses an agreement between two young people to marry; a lustful desire on the part of the appellant to enjoy his betrothed, which was gratified on the night of May 10, 1902, a month before she was capable in law of giving her consent; temporary grief and seeming repentance for the act and a vow against its repetition; Sunday visits, evening calls three or four times a week, attendance upon church and balls together, and otherwise intimate relations until August, 1903, when another act of sexual intercourse occurred; pregnancy of the prosecutrix, her submission to an attempt at an abortion with medicine procured by appellant, renewed promises to marry, and statements on his part concerning preparations for a place for them to live; his flight to the state of Washington, and the birth of her babe in May, 1904.

Counsel for appellant insist upon discussing the case as if it were within the rule that one crime cannot be proved by other disconnected offenses, and the authorities for that rule are presented with much unction. Such cases are distinguished by this court in the case of *The State v. Borchert*, 68 Kan. 360, 74 Pac. 1108.

It is argued with great vigor that acts of sexual intercourse subsequent to. the one charged in the information have no relevancy. Upon this question the courts are divided. This court, in the case just cited, came to the conclusion that such conduct may under certain circumstances evidence previous acts of the same kind. Such is the rule in the majority of the states. It is approved by a majority of the text-writers, and will be adhered to in this case.

It is further contended that other of the facts recited occurring subsequent to May 10, 1902, had no tendency to prove the incident alleged to have taken place on the night of that day. On the morning of May 11,

1902, these young people possessed, so far as the record shows, all virtues but that of chastity. It is not probable that they could have met as strangers, suddenly sinned, and parted. Their downfall resulted from a relation of intimacy giving opportunity for the display of overmastering passion. It is known of all men that some length of time is usually occupied in the formation of such relations between virtuous persons, and when once they are shown to exist it may be concluded with safety that they have persisted through an appreciable period of the past. Subsequent intimacy does illustrate the prior dispositions of individuals of opposite sex toward each other, and the question is how far derivable inferences may be carried backward. Manifestly this is, in the main, a question of weight and not of relevancy. In the case of *Keller v. Donnelly,* 5 Md. 211, 219, an action for seduction, it was said:

"Whilst what occurred when the girl was twenty-three years of age could not give a cause of action, it might serve to illustrate and explain what took place five years previously."

The question here involved is discussed in all its phases in a learned and philosophical way by Professor Wigmore in volume 1 of his epoch-making work on Evidence, sections 216 and 394 to 402, where the leading authorities are collated. His conclusion is stated as follows:

"The *limits of time* over which the evidence may range must depend largely on the circumstances of each case, and should be left to the discretion of the trial court. A *subsequent* existence of the desire is equally relevant with a prior one. It is true that the contingencies of error are different; *i. e.,* in the former case the desire may have been first induced by intervening circumstances, in the latter it may have been ended by them; but the strength of these contingencies is no greater in one instance than in the other. If for example the parties have been intimate during the entire year 1890, and an act of adultery is charged on

July 1, an adulterous desire on December 31 carries no less persuasive weight than an adulterous desire on January 1. That there is any distinction is generally repudiated." (§ 399.)

The perturbation of the young people upon the discovery of the girl's pregnancy, the resort to drugs, his flight when her shame could no longer be concealed, and the birth of the child, are all as inseparably connected with the second act of intercourse, so far as evidential value is concerned, as if they had all occurred in a single day. In the light of the full description given of the relations of the parties prior to August, 1903, their mutual passion for each other then, which appellant admitted, rendered probable the crime charged in the information. No doubt proper limitations were placed upon the evidence complained of, since no error is assigned relating to the instructions to the jury.

This court has many times announced rules of great liberality respecting the cross-examination of defendants who take the witness-stand in their own behalf. To apply them to each specific question and answer assigned as error is unnecessary. The court has read the evidence, and is satisfied that the limits of the trial court's discretion were not transgressed and that no substantial right of the defendant was invaded.

The evidence relating to the continuous absence of the defendant from the state was sufficient.

The judgment of the district court is affirmed.

All the Justices concurring.