MELVIN P. SMOTHERS V. STATE OF NEBRASKA.

FILED APRIL 23, 1908. No. 15,515.

1. **Incest: EVIDENCE.** At a trial upon a charge of incest, evidence may be properly received of other criminal acts of the same nature anterior to the time the crime is charged to have been committed.

2. ———: INSTRUCTIONS. An instruction, in substance, that the prosecutrix was not an accomplice, and that if the jury were satisfied beyond a reasonable doubt of the truth of her evidence it might convict the defendant, is a correct statement of the law applicable to the case.

3. ———: EVIDENCE. Under the facts testified to in this case, it was not erroneous to allow evidence that a child born after marriage was the result of incestuous intercourse.

ERROR to the district court for Boyd county: WILLIAM
H. WESTOVER, JUDGE.   *Affirmed.*

*W. T. Wills,* for plaintiff in error.

*W. T. Thompson, Attorney General,* and *Grant G. Mar-
tin, contra.*

LETTON, J.

Melvin P. Smothers was convicted of the crime of incest
in the district court for Boyd county, and prosecuted
error to this court.   A number of errors are assigned in
the admission of evidence, and in the giving and refusing
of instructions, but the assignment upon which most
stress is laid is that the evidence is not sufficient to sus-
tain the conviction.   It was charged in the information
that the criminal act was committed upon the 18th day
of March, 1906, and at divers times between that date
and September 24, 1906.   Evidence was admitted by the
court tending to prove that certain acts of intercourse
had occurred at an earlier period than the first mentioned
date, and in the county of Keya Paha, and it is asserted
that such evidence is inadmissible.   It is uniformly held
that upon a charge of adultery evidence of like acts occur-
ring both anterior and subsequent to the time the crime
is charged to have been committed. may be received as
corroborating. proof.   It was so held in an early case in
this court (*State v. Way,* 5 Neb. 283) in a case of adul-
tery; and in the case of *Woodruff v. State,* 72 Neb. 815,
the doctrine of the *Way* case in this regard is extended to
a case of carnal knowledge of a female child under the
age of consent.   In *State v. Markins,* 95 Ind. 464, 44 Am.
Rep. 733, it is pointed out that such evidence is admis-
sible in prosecutions for adultery, fornication, rape under
the age of consent, and incest, and the reasons for the
rule are clearly stated.   See, also, *State v. Wood,* 33 Wash.

290; *State v. Fetterly,* 33 Wash. 599, 22 Cyc. 53. We are satisfied with the rule thus laid down, and no error was committed by the reception of this evidence.

It is further argued that there was gross error on the part of the trial court in permitting the prosecutrix to testify that the defendant was the father of her child; she being now a married woman, and the child being born after marriage. It appears from the evidence that after the witness had been pregnant about four months her hand was sought in marriage by a young man named Lynn, and that he requested her father's consent to the marriage, and that at that time the defendant told him that she was in a family way and that one Kline was the cause of her pregnancy. The evidence shows that Lynn married the prosecutrix immediately thereafter, and that the age of the child corroborated the statement of the girl that she had been pregnant about four months at the time of this interview. A like objection was made in *Woodruff v. State, supra,* to evidence of this kind, but in this connection it was said: "Evidence of this character is proper and admissible. It indisputably established one element necessary to be proved by the state; that is, that sexual intercourse had taken place. It was proof of the *corpus* of the crime, as it were; that is, that the prosecutrix had sustained unlawful relations with some one was by this evidence placed beyond the pale of doubt."

It is also objected that, since the child was born in wedlock, the law conclusively presumes that Lynn is the father of the child, and, hence, the evidence was incompetent and inadmissible. While it is true that, although the birth of a child during wedlock raises a presumption that such child is legitimate, yet it was well settled at common law that the issue may be proved illegitimate, although born during wedlock, by showing want of access, immaturity or imbecility of the husband, or any other cause which renders it impossible he should have been the father of the child; but want of access cannot be proved by the wife. *Gaffer v. Austin,* 8 Vt. 70; *Parker v.*

*Nothomb,* 65 Neb. 308; *Wright v. Hicks,* 12 Ga. 155; *Bruce v. Patterson,* 102 Ia. 184.

It is further earnestly insisted that there was no corroborative evidence, and that the defendant should not have been convicted upon the testimony of the complaining witness alone. It may be said, however, that as to a number of circumstances occurring about the several times at which the witness testified the criminal act took place she has been corroborated, though not as to the particular criminal act, and further evidence corroborative in its nature was introduced showing actions of the defendant about the time that public rumor was connecting him with the offense, and at other times, tending in some degree to indicate a guilty knowledge on his part. His statements as to Kline being the father of the child his daughter was pregnant with, taken with her testimony that he said they would charge Kline with the act, and the fact that Kline was apparently almost a stranger are also corroborative to some extent. It may be said that while there is no direct evidence except that of the prosecutrix, and while this testimony is positively denied by the defendant, there was sufficient testimony to warrant the jury, if they believed her story and disbelieved his, in finding the defendant guilty. There was no corroborative evidence as to the criminal act itself, but this was not necessary to a conviction. *Schwartz v. State,* 65 Neb. 197; *Bridges v. State,* 80 Neb. 91, 22 Cyc. 57.

Complaint is also made of the giving and refusing to give certain instructions. We have examined the instructions given and refused. What has been said as to the admissibility of the evidence covers in the main the points raised as to the instructions, and we see no reason for the criticisms made. Upon the whole, the case seems to have been fairly tried and the conviction to be warranted, if the jury believed the prosecutrix and disbelieved the defendant.

Lastly, it is said that the punishment imposed is excessive, and we are requested to reduce the sentence if

we find no reversible error in the record. The sentence imposed was imprisonment for fifteen years in the penitentiary. This is five years less than the maximum penalty for the offense charged. While the sentence was severe, the crime was heinous. Considering the length of the term and the age of the defendant, exemplary conduct on his part may make him a proper subject at some future time for the exercise of executive clemency by way of commutation of sentence, but we think that the penalty is not so disproportionate to the offense as to warrant our interference with the judgment of the district court.

The judgment of the district court is

AFFIRMED.