[Criminal No. 296. Filed May 6, 1911.]

[115 Pac. 415.]

MICHAEL LEVY, Defendant and Appellant, v. TERRITORY OF ARIZONA, Respondent.

1. CRIMINAL LAW—OTHER OFFENSES—RAPE.—On a trial for statutory rape, with the consent of the female under the age of consent, subsequent acts of intercourse may be proved, the relations of the parties having been continuous.

2. RAPE—EVIDENCE—ADMISSIBILITY.—That a female under the age of consent made no complaint is immaterial.

3. CRIMINAL LAW—NEW TRIAL—MISCONDUCT OF JURY.—Under Penal Code of 1901, section 988, subdivision 10, a new trial on the ground that the jurors were supplied with liquor during their deliberation is properly denied, where, during the evening after they had retired to deliberate, a few bottles of beer were consumed by the jurors, who shortly thereafter retired for the night, and agreed on a verdict during the next day.

4. CRIMINAL LAW—NEW TRIAL—MISCONDUCT OF JURY.—Under Penal Code of 1901, section 988, subdivision 14, providing that the misconduct of a jury may be shown by the voluntary affidavit of a

juror, a new trial for the misconduct of the jurors as disclosed by
an affidavit of a juror, averring that he was induced to find accused
guilty through fear of criticism of the court, should a verdict of ac-
quittal be rendered, because the court had a short time before criti-
cised another jury for returning a verdict of acquittal, and that the
criticism was discussed by the jury, is properly denied, where the
juror in a subsequent affidavit averred that the former affidavit
was made on the express understanding that other alleged miscon-
duct of the jury would not be presented, and other jurors averred
that the matter was not discussed during the deliberation of the
jury.

APPEAL from a judgment of the District Court of the
Fifth Judicial District, in and for Graham County.  E. W.
Lewis, Judge.  Affirmed.

The facts are stated in the opinion.

W. C. McFarland, for Appellant.

John B. Wright, Attorney General, for Respondent.

CAMPBELL, J.—Appellant was convicted of statutory
rape.  The intercourse was with the consent of the female
who was about sixteen years of age.  The trial court declined,
upon appellant's objection, to receive direct evidence of acts
of intercourse occurring subsequent to that relied upon by the
territory, which is alleged to have been on August 30, 1908,
but admitted, over his objection, testimony showing the gen-
eral conduct of the parties toward each other during the six
months after August, 1908, and the rulings of the court in
admitting this testimony are assigned as error.

While the witnesses were not permitted directly to testify
that other acts of intercourse were accomplished, the only in-
ference to be drawn from the testimony is that the relations
of the parties begun in August continued during the succeed-
ing six months, and the question really presented is whether
acts of sexual intercourse, consented to by the female, occur-
ring subsequent to that relied upon by the prosecution, may
be given in evidence.  Upon this question the courts are di-
vided.  Nearly all admit evidence of such acts committed prior
to the one relied upon.  Texas seems to be nearly, if not
quite, alone in holding that neither prior nor subsequent acts
may be shown.  In view of the thorough discussion of the

subject by other courts and by text-writers, we do not under-
take its discussion here, but simply choose the rule which ap-
pears to us to be supported by the sounder reasoning, and
which, we think, is that subsequent acts, if not too remote,
may be shown. This rule is supported by numerous authori-
ties, among others: *Woodruff* v. *State*, 72 Neb. 815, 101 N. W.
114; *Smothers* v. *State*, 81 Neb. 426, 116 N. W. 152; *State* v.
*Sebastian*, 81 Conn. 1, 69 Atl. 1054; *State* v. *Stone*, 74 Kan.
189, 85 Pac. 808; *State* v. *Simmons*, 52 Wash. 132, 100 Pac.
269; *State* v. *King*, 117 Iowa, 484, 91 N. W. 768; *State* v.
*Fetterly*, 33 Wash. 599, 74 Pac. 810; *State* v. *Henderson*
(Idaho), 114 Pac. 30; *Lamphere* v. *State*, 114 Wis. 193, 89
N. W. 128; *People* v. *Koller*, 142 Cal. 624, 76 Pac. 501; and
*People* v. *Soto*, 11 Cal. App. 431, 105 Pac. 420. See, also,
Wigmore on Evidence, pars. 398–402, and notes to *People* v.
*Molineux*, 62 L. R. A. 193, and *Cecil* v. *Territory*, 8 Am. &
Eng. Ann. Cas. 457. In this case the evidence shows the rela-
tions of the parties to have been continuous during the six
months, and the testimony was properly admitted as within
the rule.

Appellant requested the court to instruct the jury that the
fact that the girl made no complaint is a circumstance to be
taken into consideration in determining the weight to be given
her testimony, which instruction the court refused. The
fact that the victim of an outrage makes complaint is ad-
mitted in evidence to corroborate her testimony that she did
not consent, and if no complaint is made that fact may be
considered in determining her credibility upon that point.
Of course, the reason for the rule wholly fails in a case like
the one before us, where no question of consent is involved.
The instruction was properly refused. *State* v. *Oswalt*, 72
Kan. 84, 82 Pac. 586; *Loose* v. *State*, 120 Wis. 115, 97 N. W.
526; 33 Cyc. 1469.

In support of his motion for a new trial, appellant filed affi-
davits to the effect that during their deliberations the jurors
were supplied with intoxicating liquors, and an affidavit of a
juror named English, to the effect that he was induced to find
the defendant guilty through fear of the criticism of the court,
should a verdict of acquittal be returned; that the court had
shortly before criticised and discharged a jury in another
case for returning a verdict of acquittal, and that the court's

action was discussed by the jurors in this case and their action influenced thereby. The affidavits presented merely state that during the evening, after the jury had retired to deliberate, several bottles resembling beer bottles were seen on a table in the jury-room. It is not stated that the jurors were in any wise intoxicated. Members of the jury, in affidavits, state that during the evening a few bottles of beer were consumed by them; that only a small quantity was taken by anyone, and that no one of the jury was even slightly affected by the liquor; that the jurors, shortly after consuming the liquor, retired for the night, and that the verdict was agreed upon and rendered during the next day.

Section 988 of the Penal Code of 1901 provides that a new trial shall be granted ''where any juror at any time during the trial, or after retiring, may have become so intoxicated as to render it probable his verdict was influenced thereby. But the mere drinking of liquor by a juror shall not be sufficient grounds for granting a new trial.'' It is apparent, however much those in charge of the jury are censurable, that the motion for a new trial upon the showing made is without merit.

In refutation of the statements made by the juror English, the territory filed the affidavits of a number of the jurors, who deny that the matter was discussed generally by the jury, and who state that English at no time during the deliberation of the jury expressed any fear of the criticism of the court, nor any doubt of the defendant's guilt, but, on the contrary, at the request of another juror, he at first voted a blank ballot so that discussion might be had on the merits of the case and thereafter voted guilty on every ballot. The territory also presented an affidavit made by English, in which he explains his reason for making the first affidavit by saying that when he learned that counsel for the defendant intended to file affidavits to the effect that the jurors had been supplied with liquor, fearing that, should it be disclosed to the court that the jurors had consumed liquor while deliberating upon the verdict, it would bring upon them the censure of the court, he went to defendant's counsel and volunteered to make an affidavit upon the other subject, and that he made it with the express understanding that the liquor matter would not be presented to the court. Subdivision 14 of section 988 of our

Penal Code provides that, upon a motion for a new trial: "It shall be competent in all cases to prove any misconduct of the jury by the voluntary affidavit of a juror and a verdict may in like manner in such cases, be sustained by such affidavit."

Counsel for appellant invites us to pass upon the propriety of the court's action in criticising the jury in the other case, but this we do not find it necessary to do. In a case such as this, it is impossible for the territory directly to refute some of the statements of the juror—those concerning the state of his own mind. If the statute is to be construed as permitting a verdict to be impeached by the affidavit of a juror as to his own secret misconduct, which is very doubtful, the trial court did not abuse its discretion in refusing a new trial in this case, for it is clear, from a consideration of the entire record, including the juror's affidavit last made, that the statements contained in the first affidavit are not entitled to much weight.

No error appearing in the record, the judgment of the district court is affirmed.

KENT, C. J., and DOE, J., concur.   DOAN, J., dissents.

NOTE.—Evidence of other crimes in criminal case, see note in 62 L. R. A. 194.

Evidence of prior or subsequent acts of intercourse between the parties, in prosecution for incest, see note in 26 L. R. A., N. S., 466.

