THE STATE OF KANSAS, *Appellee*, v. JEFFERSON D. BROWN, *Appellant.*

No. 17,388.

SYLLABUS BY THE COURT.

1. STATUTORY CRIME—*Evidence—Other Acts of Defendant and Prosecutrix Competent.* In a prosecution for carnal knowledge of a female under the age of eighteen years evidence of anterior and subsequent acts of sexual intercourse between the prosecutrix and the defendant may be received in evidence to show the relations existing between the parties as well as their disposition toward each other.

2. —— *Same.* Evidence of such other acts are not admitted to show other offenses but as tending to show the offense on which a conviction is sought, and the testimony is not rendered inadmissible because it may tend to prove the commission of other offenses.

3. ———— *Uncorroborated Evidence of Prosecutrix Sufficient.* In a prosecution of this kind there may be a conviction on the uncorroborated evidence of the prosecutrix if it is believed by the jury.

Appeal from Ellis district court. Opinion filed July 7, 1911. Affirmed.

*Joseph G. Waters, John C. Waters,* and *A. D. Gilkeson,* for the appellant.

*John S. Dawson,* attorney-general, *S. N. Hawkes,* assistant attorney-general, and *J. A. Simminger,* county attorney, for the appellee; *J. P. Shutts,* of counsel.

The opinion of the court was delivered by

JOHNSTON, C. J.: The appellant was convicted of the offense of statutory rape committed on the person of Clara Nemechek, a female child under the age of eighteen. In the information it was alleged that the offense was committed on August 13, 1909, and at the trial testimony was given of three acts of sexual intercourse, the first in April, 1909, the second in August, 1909, and the third about September 1, 1909. The appellant objected to evidence of more than one act, but the objection was overruled. After the evidence was in, and upon motion of appellant, the state elected to rely on the act of August 13, and the court informed the jury that they could not find appellant guilty upon evidence of any other transaction than the one upon which the state had elected to stand but that "you may consider her testimony as to each and all alleged doings and relations between her and the defendant for the purpose of determining the relations existing between the parties." It is insisted that the acts were unrelated and that as only one offense was charged the admission of evidence of more than one was erroneous and prejudicial. Numerous authorities are cited to support the general rule that proof of an offense unconnected with that charged against the de-

fendant is inadmissible. It is well settled, however, that in prosecutions for what are designated as sexual offenses proof of prior and subsequent acts are admissible although such acts in and of themselves constitute offenses. In *The State v. Borchert,* 68 Kan. 360, evidence of prior acts was admitted, not to show another offense, but to show the previous relations and as tending to establish the one for which the defendant was prosecuted. In *The State v. Stone,* 74 Kan. 189, a prosecution for carnally knowing a female under the age of eighteen years, it was held that the admission of evidence of subsequent acts of intercourse which occurred as late as fifteen months after the acts charged in the information was not error. While in that case the subsequent acts were somewhat remote there were circumstances tending to show continuousness of illicit relations. In the opinion it was said:

"Subsequent intimacy does illustrate the prior dispositions of individuals of opposite sex toward each other, and the question is how far derivable inferences may be carried backward. Manifestly this is, in the main, a question of weight and not of relevancy." (p. 191.)

There was an effort made to have the court modify the doctrine of *The State v. Stone,* 74 Kan. 189, in *The State v. Hibbard,* 76 Kan. 376, but after a reconsideration of the question and the authorities the rule admitting evidence of acts of sexual intercourse occurring after the one upon which a conviction is sought was reaffirmed, and it was held that the doctrine was sustained "not only by the better reason but by the greater weight of authority" (p. 379), and many of the authorities were cited. *The State v. Hansford,* 81 Kan. 300, and *The State v. Chance,* 82 Kan. 388, are to the effect that if the evidence tends to prove the offense charged it is not rendered inadmissible because it may tend to prove the commission of other offenses. The testimony of the acts in this case could not be excluded on account of remoteness as the first one occurred about

four months before the one on which a conviction is sought and the last one about two weeks after.

Appellant further contends that the proof is insufficient to sustain the verdict in that no evidence was given in corroboration of that of the prosecutrix. Under the common law evidence corroborating that of the prosecutrix was not essential to a conviction. In some states it is expressly provided by statute that the defendant can not be convicted unless the prosecutrix is corroborated by other evidence tending to connect the defendant with the commission of the offense. No such statute has been enacted in this state, and it has already been held that, in the absence of a statute, there may be a conviction on the uncorroborated evidence of the prosecutrix if it is believed by the jury. (*The State v. Tinkler*, 72 Kan. 262.) There was supporting testimony in this case. There was the pregnancy of the prosecutrix, her report of the facts when her condition became apparent, and the birth of the child. There was testimony of a statement by appellant that he had illicit relations with a "Dutch girl," and later an attempt by appellant to obtain a settlement with the father of the prosecutrix which included an offer of money to end the litigation.

We find no error in the record and the judgment is affirmed.