STATE, Respondent, v. YEAGER, Appellant.

(168 N. W. 749).

(File No. 4338. Opinion filed September 3, 1918.)

1. **Criminal Law—Rape—Time as Element—Proof of Later Act, Whether Permissible—Rule Stated—Limitations, How Affected?—Duty of Court, of Jury, Distinguished.**

   While, in a trial for the crime of rape, the precise time is immaterial, yet the transaction charged is material; defendant cannot be tried for two crimes under a charge of one; nor can the state switch from one act which is evidently the one alleged in the information, and rest its case upon proof of another and later act; nor is the state barred from proving such later act because the proof establishes another date, unless the date proven shows the prosecution barred by limitations. So held, where the information, the opening statement, and evidence was that there was no error of date in the information, and that the act against which defendant was called to defend was that claimed to have been committed at a certain place. The real question always is, what particular alleged criminal act or transaction did prosecutor contemplate when drawing the information? If that is revealed of record on preliminary hearing, by the information, by an opening statement, or by evidence, trial court must see to it that defendant is convicted of that particular act or transaction, or else acquitted; otherwise court should require the state, not the jury, to elect as to which act or transaction verdict shall be based.

2. **Same—Evidence of Later, Earlier Acts, as Corroborative Proof, Competency—Rule of Evidence Stated.**

   The reason for the rule admitting proof of subsequent as well as previous acts, in a prosecution for rape, and the limi-

tation upon the application of such rule, are substantial and meritorious. Experience teaches that unlawful voluntary sexual intercourse, is not the result of spontaneous outburst of illicit passion, but comes rather almost invariably as result of repeated and more or less continued importuning, love making and artful exciting of passion, until natural chastity and fear of consequences are overcome. So held, in a case where, information, opening statement, and evidence pointing to a particular transaction, evidence was admitted of commission of rape at a subsequent time and different place.

3. **Same—Subsequent Act, Unsupported Testimony of Prosecuting Witness, Sufficiency—Subsequent, Distinguished from Previous Act—Rule Stated.**

Where, in a prosecution for rape, state introduced the unsupported testimony of prosecuting witness to an act subsequent to that charged, held, that while the unsupported testimony of a prosecuting witness as to previous acts and relations are receivable as explanatory of and thus corroborative of, evidence of the substantive act charged; yet such unsupported testimony as to a subsequent act—which act did not explain the former act, does not rise to the dignity of corroborative proof.

Appeal from Circuit Court, Beadle County. Hon. Alva E. Taylor, Judge.

The defendant, Horace Yeager, was convicted of the crime of rape, and he appeals. Reversed.

*Null & Royhl,* for Appellant.

*Clarence C. Caldwell,* Attorney General, and *A. A. Chamberlain,* State's Attorney, for Respondent.

(1) To point one of the opinion, Appellant cited:

State v. Riggs, 25 S. D. 277; Code Civ. Prac. Secs. 224, 272; State v. Valentine, (S. D.) 63 N. W. 541; State v. Rash, 27 S. D. 185; 22 Cyc. 407.

Respondent cited:

State v. Irwin, 17 S. D. 381; Shirley v. Commonwealth, 136 S. W. 227; 143 Ky. 143; State v. Tatman, 132 S. W. 42; Cooper v. State, (Tex.) 162 S. W. 364; Bishop's New Crim. Proc., sec. 454 (2).

(2) To point two, Appellant cited:

State v. Sysinger, (S. D.) 125 N. W. 897; Parkinson v. People, 135 Ill. 404, 10 L. R. A. 91, 25 N. E. 764; Wharton's Criminal Evidence, 10th Edition, p. 171; Lovell v. State, 12 Ind. 18;

People v. Fowler, 104 Mich. 449, 62 N. W. 572; Smith v. State, (Tex.) 73 S. W. 401; People v. Ayres, 148 N. W. 383.

Respondent cited:

State v. Sheffield, (Utah) 146 Pac. 306; State v. Sysinger, 25 S. D. 110; State v. Rash, 27 S. D. 186; 1 Wigmore on Evidence Sec. 398; Wharton, Cr. Evi., Sec. 35; Rice. Cr. Evi., Sec. 537; Bishop, Statutory Crimes, Sec. 682.

WHITING, P. J.  Defendant was convicted of rape, and appeals from the judgment and an order refusing a new trial.

The information filed in circuit court charged that the crime was committed on February 20, 1914. In his opening statement to the jury the state's attorney stated that "the state expects to show that along in February, 1914, * * * defendant had intercourse with her [the complaining witness] at—in a coal shed at the schoolhouse; * * *" and evidence supporting such statement was introduced upon the trial. The state, over objection, was permitted to introduce evidence tending to prove a separate and distinct act of sexual intercourse, testified, by complaining witness, as occurring two months after the act occurring in the coal shed. It was the claim of the state that it had the right to prove these two separate, distinct acts, either one as corroborative of the other, and, furthermore, that it could not be required to elect as to which act it would rely upon for conviction. The defense took the position that the state was bound to rely on the coalhouse act as the basis for conviction; and that proof of no act occurring subsequent to the act relied upon could be received as corroborative evidence. The trial court agreed with the state, and, by its instructions, authorized the jury to convict if they were able to reach a unanimous verdict as to either act. The above facts present the most important question before us.

[1] The state urges that, inasmuch as time is not an element of the crime of rape, the time alleged was immaterial, and it was competent to prove any act occurring within the statutory period of limitation. The state overlooked a very important fact—while time is immaterial the transaction charged is material. A defendant cannot be tried for two crimes under a charge of one; neither, under the claim that time is immaterial, can the state switch from one act and rest its case upon proof of another act. If there has been an error in the information as to the true time

when the act charged was committed, the state is not barred from proving such act because of the fact that such proof establishes another date unless the date proven shows the prosecution barred by the statute of limitations. It is absolutely clear from the information, the opening statement of the state's attorney, and the evidence received that there was no error of date in the information, and that the act against which defendant was called to defend was the act claimed to have been committed at the coal shed. For all the record shows, the jury may not have found defendant guilty of that act, but may have based their verdict on the other act. The reasoning in People v. Jenness, 5 Mich. 305, is peculiarly in point. In that case evidence of previous acts had been admitted, "not as substantive offenses, but in explanation and corroboration of the evidence of the act charged in the information." The court says:

"But after the evidence had been admitted for this purpose, the prosecuting attorney changed his ground, and claimed that the jury might select any one of the acts on which evidence had been given as the ground of their verdict. * * * The prosecution claimed that any act of intercourse proved was the offense charged. The court gives them no information on the subject. It was a question of law, important for the government of the jury. He leaves it to them to ascertain. Will the jury be likely to find it out if the court cannot? But the third paragraph of the charge clearly adopts the theory of the prosecuting attorney, and holds that any one of the several acts of sexual intercourse proved, or attempted to be proved, may be selected by the jury as the 'offense charged,' and that they may find the defendant guilty of the one thus selected; as he tells them, 'they may find him guilty if, from the evidence, they believe that the act was not committed at the Howard House, but was committed at some other place in the city of Detroit, within the period of six years prior to the time of filing this information.' Now, there was no dispute whether that particular act of intercourse stated to have occurred at the Howard House, occurred there or at some other place in the city, nor whether it occurred at a period materially different from that stated by the witness; and neither the jury nor this court could possibly derive any other understanding from this charge than that the jury were at liberty to select among the numerous acts of intercourse in the city of Detroit

of which evidence had been given, and to find the defendant guilty of the act so selected. This was subjecting the defendant to the risk of conviction upon a great number of acts, occurring at different times and places, against which he could not be expected to be prepared to defend. * * * The jury cannot be thus sent fishing for the charge which they are to try. * * * Under such a charge it would always be legally impossible to know of what particular charge the defendant had been actually found guilty."

See, also, State v. Rice (N. D.) 168 N. W. 369, for discussion of this question and a review of People v. Jenness, supra.

Thus the real question always is: What particular alleged criminal act or transaction did the prosecutor have in mind when he drew his information? If that is revealed by the record upon a preliminary hearing, by the wording of the information itself, by an opening statement of the prosecutor, or by the evidence, the court must see to it that the defendant is convicted of that particular act or transaction or else acquitted. If the particular act or transaction relied upon is not made clear to the court through one or more of the means above indicated, the court should then require the state, *and not the jury,* to elect as to which alleged act or transaction the verdict shall be based upon.

[2] There is another question which will probably rise upon another trial, and which therefore we feel called upon to consider. The act testified to as occurring in the coal shed being the act upon which the conviction must rest, was it competent for the state to introduce as corroborative proof evidence tending to prove an act two months later in date? Defendant does not question the propriety, in cases of this nature, of the receipt of evidence of prior intercourse, but says that the reasons that support the rule admitting evidence of prior acts do not apply to proof of subsequent acts. Human experience teaches that unlawful, voluntary sexual intercourse, especially where the female is under the age of consent, is not the result of the spontaneous outburst of illicit passion, but comes rather almost invariably as the result of repeated and more or less continuous importuning, lovemaking, and artful excitement of the passions, until the sense of modesty, the natural chastity, the fear of consequences—all of which would naturally restrain the girl from giving way to lustful desires—are overcome and an illicit intimacy established. The reasons for the rule admit-

ting proof of subsequent as well as previous acts, and the limitations upon the application of such rule, are most clearly stated in Bishop on Statutory Crimes, § 682 quoting from the decision in Thayer v. Thayer, 101 Mass. 111, 100 Am. Dec. 110:

"An adulterous disposition existing in two persons towards each other is commonly of gradual development; it must have some duration, and does not suddenly subside. When once shown to exist, a strong inference arises that it has had and will have continuance, the duration and extent of which may be usually measured by the power which it exercises over the conduct of the parties. It is this character of permanency which justifies the inference of its existence, at any particular point of time, from facts illustrating the preceding or subsequent relations of the parties. The rule is that a condition once proved is presumed to have been produced by causes operating in the usual way, and to have continuance till the contrary be shown. The limit, practically, to the evidence under consideration is that it must be sufficiency significant in character, and sufficiently near in point of time, to have a tendency 'to lead the guarded discretion of a reasonable and just man' to a belief in the existence of this important element in the fact to be proved. If too remote or insignificant, it will be rejected, in the discretion of the judge who tries the case."

To the same effect see the discussion in 1 Wigmore on Evidence, §§ 398-402. We cite but a few of the many cases wherein the courts have sustained the rule announced by Bishop and Wigmore. The cases cited are nearly all, like the one before us, cases of rape charged to have been committed on a girl under age of consent, but where the girl actually consented. State v. Stone, 74 Kan. 189, 85 Pac. 808; State v. Brown, 85 Kan. 418, 116 Pac. 508; Morris v. State, 9 Okl. Cd. 241, 131 Pac. 731; People v. Koller, 142 Cal. 621, 76 Pac. 500; Sykes v. State, 112 Tenn. 575, 82 S. W. 185, 105 Am. St. Rep. 972; Levy v. Ter., 13 Ariz. 425, 115 Pac. 415; State v. Robertson, 121 N. C. 551, 28 S. E. 59; State v. More, 115 Iowa, 178, 88 N. W. 322; State v. Roby, 128 Minn. 187, 150 N. W. 793, Ann. Cas. 1915D, 360.

[3] But the facts of this case present another question. The only proof of the subsequent act was the naked, unsupported, testimony of the prosecuting witness, testifying to a subsequent act. While the naked, unsupported testimony of a prosecuting witness

as to previous acts and relations may be and should be received, when same is explanatory of, and thus corroborative of, evidence as to the substantive act charged, yet such unsupported testimony as to the subsequent act—which act, if it occurred, in no manner explained the former act—did not rise to the dignity of corroborative proof.  Smith v. State (Tex. Cr.) 73 S. W. 401.

The judgment and order appealed from are reversed.