No. 22,641.

THE STATE OF KANSAS, *Appellee*, v. JAMES LANGSTON, *Appellant*.

SYLLABUS BY THE COURT.

1. STATUTORY RAPE—*Evidence—Complaints of Person Assaulted.* There are two exceptions to the rule that evidence of the making of a complaint by a person upon whom a rape has been committed or attempted may be received, but that the particulars of the assault are not admissible; one, that the statements are so closely connected with the time and place of the crime as to be a part of the *res gestæ,* and the other, where the person assaulted is a child of tender years. In the present case the child assaulted, who was eleven years of age, made complaint to her mother shortly after the occurrence, and her statements as related by her mother included little more than that a sexual assault had been made upon her. *Held,* that, in view of the age of the child, the evidence of her statements so made were admissible.

2. SAME. The fact that some of her statements were elicited by questions did not render the evidence inadmissible.

3. SAME—*Evidence—Attempt to Commit Rape—Instructions.* In a prosecution for rape where some of the testimony tends to show that the criminal act was no more than an unsuccessful attempt to commit rape, it is the duty of the court to instruct the jury as to the law of an attempt to commit the offense.

Appeal from Wyandotte district court, division No. 3; WILLIAM H. MCCAMISH, judge. Opinion filed April 10, 1920. Reversed.

*David F. Carson,* and *W. K. Ward,* both of Kansas City, for the appellant.

*Richard J. Hopkins,* attorney-general, *E. A. Enright,* county attorney, and *J. N. Baird,* assistant county attorney, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: James Langston was convicted of the crime of statutory rape committed upon his niece, Venice Shaw. He appeals, and complains principally of errors in the admission of testimony, and also as to instructions given and refused.

The defendant was about fifty-eight years of age, and Venice, a small and somewhat delicate child, was only eleven years old. He was employed as janitor of a school building, and it appears that sometimes she remained after the dismissal of school and assisted her uncle by emptying waste baskets, washing blackboards, and other like services.  The offense was alleged to have been committed on March 24, 1919, and on that day she stayed and helped him as she had frequently done before, and did not reach home until after 5:30 p. m.  She prepared for supper, and after the meal was eaten and the dishes cleared away, her mother and Venice went upstairs to prepare for bed. Venice then told her mother of the occurrence at the schoolhouse.  At the trial her mother was permitted to testify to the statements of Venice that the offense had been committed by her uncle.  The testimony was admitted over the objection of the defendant, and of this ruling the defendant complains.

Because of the nature of the offense, it is natural for the outraged woman to make complaint to a friend or relative at the first opportunity, and if she did not, an inference might be drawn that the offense was not actually committed, and so it has long been the rule that the complaint of the victim, if promptly made, is received in evidence.  It is said to be a relic of the old law of hue and cry, under which one who accuses another of a crime of this character must, to sustain the charge, have made an outcry shortly after the occurrence to friends and neighbors.  (3 Wigmore on Evidence, § 1760.)  It is an exception to the hearsay rule and is applied to attempts to commit rape as well as assaults with intent to commit it.  (1 Russell on Crimes, 9th ed., pp. 923-927 ; 2 A. & E. Ann. Cas., p. 230.) It has been determined that such evidence may be received. where the person attacked is a child within the age of consent. (*The State v. Daugherty*, 63 Kan. 473, 65 Pac. 695 ; *The State v. Hoskinson*, 78 Kan. 183, 96 Pac. 138.)  In line with other authorities, it has been held that, while the fact that a complaint was made can be received in evidence, the particulars of the complaint are ordinarily not admissible as substantive testimony.  (*The State v. Daugherty*, supra; 2 Wigmore on Evidence, § 1134).  The courts are not in accord as to how much of the complaint may be given, and the fullness of the testi-

mony depends to some extent on the age of the injured person. (33 Cyc. 1466.)' We think the testimony given in this case was admissible even under the stricter application of the rule. It can hardly be said that the mother of Venice testified to more than the fact that a complaint was made. In telling her mother of the occurrence the little girl, unacquainted with legal phraseology and the elements of the offense, gave in simple language the acts of the defendant. The testimony of the witness was confined to the bare facts of placing her in a certain position, the removal of certain clothing, and the pressing of his person against hers. It was necessary to repeat enough of her complaint to show of what act of the defendant she complained, and that what he did was criminal. Her story as related was in effect that a sexual assault had been made upon her and the complaint necessarily identified the defendant. No other particulars were related by the witness. There are good reasons for making an exception or a more liberal application of the rule where the victim of the attack is a child of tender years. A discussion of the exception and the grounds for making it is found in *The State v. Hoskinson,* supra. In commenting on the element of consent where an adult woman consents to the act and from whom no complaint would be expected, and a contention was made that, the reason for admitting the complaint having failed, the rule itself fails, Justice Benson, speaking for the court, said:

"The reason, however, does not fail where outrages are charged upon children of tender age. For such children to make complaints of such abuse to their mothers or others in whom they confide is natural, and testimony that they did so may properly be admitted, in the discretion of the court, in view of the age and intelligence of the child, and the time when and the circumstances under which the complaints were made, having regard to the reason upon which the rule rests." (p. 188.)

In *Brazier's Case,* 1 East P. C. 443, one of the earliest authorities on the question, a child upon whom an attempt of rape was made, was only five years old and incapable of taking an oath, and it was there held that the complaints she made to her mother and another woman upon returning home were admissible in evidence. Other cases of like import are: *State v. Andrews,* 130 Ia. 609; *Proper v. The State,* 85 Wis. 615; *People v. Glover,* 71 Mich. 303; *State v. Werner,* 16 N. D. 83.

There is some reason for the contention of the state that the evidence challenged came within the other exception of the hearsay rule, that is, that it was a part of the *res gestæ*. The girl's statement to her mother was closely connected with the time and place of the crime. In fact she made her complaint at the first favorable opportunity. However, it is unnecessary to determine whether the evidence came within that exception. As we have seen, it can hardly be said that the evidence included any of the details of the complaint and certainly did not include more than is admissible under the other exception where the victim of the attack is a child of tender years. It appears that a part of the complaint was made by Venice in response to questions of her mother. This fact alone does not make the complaint involuntary or inadmissible. (*State v. Dudley,* 147 Ia. 645; *State v. Ellison,* 19 N. M. 428.) Nothing in the circumstances indicated that the girl's statements were induced by constraint or were other than voluntary.

There is a further objection to the admission of testimony as to previous assaults upon Venice, but it is without merit. Testimony of other sexual acts between the same parties occurring before the commission of the offense charged, may be received in evidence. (*The State v. Oswalt,* 72 Kan. 84, 82 Pac. 586; *The State v. Brown,* 85 Kan. 418, 116 Pac. 508.)

A more serious objection is made to the rulings of the court in charging the jury. The defendant asked for an instruction relating to an attempt to commit rape, but no instruction on that branch of the case was given. In view of the testimony in the case tending to show that the act of the defendant did not proceed beyond an attempt, it was a fatal omission. The crime charged in the information was rape, but the element of attempt is included in that crime. It has been held that under such a charge the accused may be convicted of an attempt to commit a rape. (*The State v. Frazier,* 53 Kan. 87, 36 Pac. 58; *The State v. Guthridge,* 88 Kan. 846, 129 Pac. 1143.) It is true there was testimony tending to show the commission of the principal offense, but other testimony tended to show that the act was no more than an unsuccessful attempt. It is unnecessary to detail the testimony in that regard, but some of it was to the effect that he pressed his person against that of

Venice and hugged and kissed her; other testimony was that his private parts merely touched those of Venice. An examination of Venice disclosed no blood, no abrasion of the skin, no breaking of the hymen. There was irritation and some inflammation of the parts, but the physician said it was no more than might be occasioned by tight-fitting clothing, climbing trees, riding teeter boards, or sliding down a limb or pole. Other physicians gave as their opinion, that judging from her condition, there could not have been penetration. In view of the testimony, it was the duty of the court to have instructed the jury on the lower grade of the offense. In a prosecution for statutory rape where there was evidence tending to show no more than an attempt, it was held to be the duty of the court to instruct the jury as to the law of attempt to commit the offense charged, although the defendant had not asked for such an instruction. (*The State v. Grubb*, 55 Kan. 678, 41 Pac. 951).

Some other objections are made to the rulings of the court, but we find nothing substantial in them.

For the error mentioned, the judgment will be reversed and the cause remanded for a new trial.