No. 23,576.

THE STATE OF KANSAS, *Appellee,* v. JOHN STITZ, *Appellant.*

SYLLABUS BY THE COURT.

1. STATUTORY RAPE—*Other Acts of Sexual Intercourse of Defendant and Prosecutrix Competent.* In a prosecution for statutory rape, evidence of prior and subsequent acts of intercourse may be admitted to show lustful disposition of the defendant as well as the existence and continuance of the illicit relation, as these may tend to explain the offense charged and to corroborate other testimony of the prosecution.

2. SAME—*Information—Knowledge of County Attorney of Particular Offense Charged.* The contention that the defendant could not be convicted of the illicit act charged because the county attorney who filed the information did not have knowledge of the particular offense when the information was filed is sufficiently met where it appears that the county attorney at the time mentioned was informed of numerous acts of illicit intercourse covering the period in which the act relied on for a conviction was committed.

3. SAME—*No Error in Instructions.* The instructions of the court as to the proof necessary to sustain a conviction of the defendant examined and held to be without error.

4. SAME—*Evidence—Verdict.* The evidence in the case is held to be sufficient to sustain the verdict of the jury.

5. SAME—*Trial—Absence of Formal Arraignment—Waiver by Defendant.* The absence of a formal arraignment and plea of the defendant was effectually waived by the acts of the defendant in going to trial without objection and submitting the question of his guilt to the jury impaneled to try him, contesting every question in the case as fully as if there had been a formal arraignment, and not raising any objection as to the nonobservance of the formality until the verdict of the jury was returned.

Appeal from Shawnee district court, division No. 2; GEORGE H. WHITCOMB, judge. Opinion filed May 6, 1922. Affirmed.

*William E. Smith,* of Wamego, *Guy Bradford,* and *A. E. Crane,* both of Topeka, for the appellant.

*Richard J. Hopkins,* attorney-general, *Tinkham Veale,* county attorney, and *Ralph H. Gaw,* assistant county attorney, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: John Stitz was convicted of having illicit intercourse with Ella Davis before she was eighteen years of age. He appeals.

He first complains that evidence of other like offenses was introduced before the jury and that the court erroneously refused to

strike this evidence out upon his motion. After testimony of a number of unlawful acts had been produced, the defendant moved to require the state to elect upon which act it would rely for a conviction. An election was made to rely upon the act of June 3, 1920, at a place north of Topeka, in Shawnee county. Defendant asked for an instruction that the jury should give no consideration to any of the acts brought out in evidence except the elected one. The court instructed the jury that the defendant must be convicted, if at all, for the particular act committed on the occasion fixed by the election, even though there was found to be sufficient proof of other like acts on other occasions; that the prior and subsequent acts testified to would be considered only for the purpose of determining the relations existing between the parties and assisting in determining whether the act relied upon by the state had been committed. While the general rule is that one crime cannot be established by proof of other independent crimes, there are well recognized exceptions to the rule, and one of them is that in sexual offenses proof of prior and subsequent acts of intercourse are admissible to show the lustful disposition, the existence and continuance of the illicit relation, as these tend to explain the act charged and corroborate other testimony of the prosecution. The exception has been so frequently and thoroughly considered that there is no occasion for further consideration or comment. (*The State v. Borchert*, 68 Kan. 360, 74 Pac. 1108; *The State v. Oswalt*, 72 Kan. 84, 82 Pac. 586; *The State v. Stone*, 74 Kan. 189, 85 Pac. 808; *The State v. Hibbard*, 76 Kan. 376, 92 Pac. 304; *The State v. Brown*, 85 Kan. 418, 116 Pac. 508; *The State v. Langston*, 106 Kan. 672, 189 Pac. 153; *The State v. Mathes*, 108 Kan. 488, 196 Pac. 607; *The State v. Ridgway*, 108 Kan. 734, 197 Pac. 199.)

The refusal of the court to give an instruction that the defendant could not be convicted of the offense charged and relied on by the prosecution unless the county attorney had knowledge of that particular offense when the complaint and information were filed is assigned as error. There is nothing substantial in this complaint. The county attorney who verified and filed the charge had been informed of numerous acts of illicit intercourse between the parties covering the period in which the act relied on for a conviction was committed. This general information was sufficient to overcome the objection of defendant, but it further appears that while Ella Davis was in the office of the county attorney she related at length the

different acts of illicit intercourse with defendant, including the one upon which the state elected to rely for a conviction which occurred about June 3, 1920, in Shawnee county.

There is a further complaint of the refusal of requested instructions to the effect that the charge against the defendant fixed the occurrence of the offense on June 3, 1920, and that unless the unlawful act was committed on that day the jury must acquit the defendant. In this connection the defendant claimed and undertook to prove that he was not in Shawnee county upon that day, and the court was asked to instruct the jury that if they found he was not in the county on June 3, 1920, the verdict must be an acquittal. Under the evidence it would have been improper to have limited the inquiry and result to the particular day mentioned. When the state was required to elect on what unlawful act it would rely, it elected the offense committed in the evening *about* June 3, 1920, on the North Kansas avenue road, about four miles north of Topeka. In her testimony Ella Davis was not definite in fixing the date of the offense, but she testified that it was about the 3d of June, 1920. The court recognized that the time was somewhat indefinite, but that it was identified by its occurrence at a certain time of the day and at a certain place, and in respect to the time, the jury were informed that the state had elected to rely on the act committed "early in June, 1920, about the 3d of June, 1920, on the North Kansas Avenue road," and the court then advised the jury that they must find that the particular offense had been committed and that he could not be convicted for an unlawful act on any other occasion. The identity of the offense was shown in part by the time fixed by the witnesses and also by the place and circumstances of its commission. In her testimony, Ella Davis related the circumstantial details of the offense and testified that it was committed about the time named, when the defendant took her in an automobile to a place on a certain road about four miles north of Topeka. The offense we think was sufficiently shown, and in this state of the evidence the instructions given by the court corresponded with the proof and no error was committed in refusing those requested by the defendant. An instruction appropriate to the defense of an alibi was fully and correctly given by the court.

Although the sufficiency of the evidence is challenged it is regarded to be fully adequate to sustain the verdict of the jury.

The State v. Stitz.

Another objection is that the defendant was not called upon to plead to the information and was never formally arraigned. The record does not show anything relating to arraignment or plea of the defendant. No question, however, was raised by the defendant as to the absence of this formality until the motion for a new trial was filed, and it was then alleged that he had not been required to plead to the information. It does disclose that he appeared at the trial with three attorneys and contested the charge made against him. He took part in the selection of a jury, made objections to evidence introduced by the state, moved that the prosecution be required to elect upon which unlawful act of the defendant it would rely for a conviction, introduced numerous witnesses who gave testimony in his behalf, requested that certain instructions be given, and finally asked for a new trial. Assuming that he was not formally arraigned, his voluntary action in appearing in person and by counsel, going to trial without objection and submitting the question of his guilt to a determination of a jury regularly impaneled and sworn, effectually waived the absence of an arraignment. It is needless to consider what would have been the effect in case the defendant had raised the objection at the opening of the trial before submitting the issue of his guilt to the jury, if it had been overruled. He chose to remain silent as to the absence of an arraignment and submitted the matter of his guilt to the jury without interposing any objection until a verdict was rendered. In the olden time when the privileges of an accused in making a defense were greatly restricted, compliance with the formalities of this kind was required, but with the ample privileges now given an accused in making a defense, and the protection thrown about him, the non-observance of mere formalities is not regarded as fatal to a conviction, or at least not of a kind which the accused may not waive. (*The State v. Lewis,* 10 Kan. 157; *The State v. Cassady,* 12 Kan. 550; *The State v. Glave,* 51 Kan. 330; 33 Pac. 8; *The State v. Davis,* 106 Kan. 527, 188 Pac. 231.) The acts of the defendant were equivalent to an express waiver of the arraignment, and issue was joined and as effectually tried out as if there had been a formal arraignment and a plea of not guilty.

Judgment affirmed.