## THE STATE OF KANSAS v. CHARLES BONSOR.

RAPE — *Different Acts — Election by State — Evidence.*  At the trial of the appellant, who was charged with the crime of rape, by carnally knowing a female person under the age of 18 years, several different acts of unlawful intercourse were testified to by the prosecutrix.  The state elected to rely on a particular act, and under this election it was the duty of the trial court to exclude from the consideration of the jury all testimony with reference to other acts that did not tend to directly prove the commission of the particular act relied upon by the state for conviction.

### *Appeal from Clay District Court.*

PROSECUTION for rape.  From a verdict of guilty, at the March term, 1892, and a sentence to the penitentiary for a term of seven years, the defendant, *Bonsor,* appeals.

*Dawes & Durrin,* for appellant:

The only witness on behalf of the state who pretended to know anything of importance about the real facts of the case was Annabel Duncan, the prosecuting witness.  She testified that at a certain bridge near the town of Idana, in Clay county, on an evening about the middle of July, appellant had sexual intercourse with her.  Upon this act of intercourse the state elected and relied for a conviction.  Now, appellant claims that no testimony other than this was admissible, unless it tended to prove directly the truth or falsity of this particular act.  Evidence of other crimes is inadmissible unless

the same have been committed in preparation for, the actual doing of, or in the concealment of the crime or its fruits. *The State v. Boyland*, 24 Kas. 186. In this case, the court permitted the witness to testify that at a former time, to wit, in the month of June, at a different place, appellant had intercourse with her. Can it be said that the act of intercourse at the house in June was in preparation for the act of intercourse under the bridge in July? Could the act in June be for the concealment of the crime in July or its fruits?

The court also permitted said witness to testify that she was in a family way because of acts of intercourse with appellant prior to the act under the bridge, to wit, some time in June; and then allowed the state, after proving that conception had taken place — not by the act under the bridge, for which he was being tried, but by the former acts — to prove that appellant, subsequent to the act under the bridge, gave said witness certain drugs supposed to be of a nature to produce an abortion; also to prove by said witness that defendant gave her a certain instrument intended to be used in procuring an abortion. Now, such testimony could only be admissible on the theory that it was evidence of acts criminal in their nature done for the purpose of concealing either the crime itself or its fruits. Her being in a family way, however, was the result and fruits, if you please, of an act claimed to have been committed long before the act for which defendant was on trial. There is no claim that she conceived by the act under the bridge, and therefore all this testimony about the oil of tansy, and the cotton root, and the instrument, was testimony of acts criminal in their nature, but committed, if at all, to conceal another and different act than the one for which defendant was on trial, and therefore, under the rule of this court, inadmissible. *The State v. Boyland*, 24 Kas. 186–188.

The prosecuting witness testified that the first time she had sexual intercourse with appellant was at his house, about the 14th of June, 1891, in a small bedroom occupied at the time by two beds, in one of which appellant and his wife slept,

and in the other the prosecuting witness and appellant's 12-year-old daughter; that under these circumstances appellant had full and complete intercourse with her; and that he remained in her bed for that purpose only two or three minutes. At this point it became highly material, as touching the credibility of the witness, for the jury to know whether or not she had ever had sexual intercourse with anyone prior to that time. The court erred in sustaining an objection to a question propounded to said witness on cross-examination by which it was sought to disclose that fact.

Because of the admission of such evidence and the giving of the instructions based thereon, and the exclusion of evidence material to the rights of the appellant, we think that the case should be reversed, and a new trial granted.

*R. C. Miller*, county attorney, for The State:

The state having introduced testimony to show that the defendant had sexual intercourse with Annabel Duncan on an evening about the middle of July, the court did not commit any error by admitting testimony showing that defendant had sexual intercourse with her prior to that time. It was admissible for showing the relation and mutual disposition of the parties. 1 Am. & Eng. Encyc. of Law, p. 214, and cases there cited. Without such evidence, no rational construction or interpretation could have been given to the conversation that took place between the defendant and Annabel Duncan at the bridge about the middle of July, as well as the notes that were by the defendant handed to her.

"Evidence is admissible of improper familiarity and adultery between the parties, both before and after the commission of the offense." 1 Am. & Eng. Encyc. of Law, p. 214, and cases there cited; *Lawson v. The State*, 56 Am. Dec. 182. Also, on a trial for rape the state may introduce evidence that the defendant had committed the crime on the same person at other times than that charged, and it is in the discretion of the court to compel the state to elect on which specific act it will rely for a conviction, which election should generally

be made at the close of the state's evidence. *The State v. Parish* (Sup. Ct. of N. C.), 10 S. E. Rep. 457, and authorities therein cited. See, also, Wills, Circ. Ev. (6th Am. ed.), pp. 238–240; Whar. Crim. Ev. (9th ed.), §§ 45–47.

Opinion by SIMPSON, C.: Charles Bonsor was convicted by the district court of Clay county of the crime of rape, by carnally knowing one Annabel Duncan, a female person under the age of 18 years. He appeals to this court, and for cause of reversal urges the admission of incompetent evidence against him by the trial court. At the trial, and after all the evidence had been introduced, the appellant moved the court to require the state to elect upon which one act of intercourse it would rely for conviction. Thereupon the state elected to rely upon the offense which occurred at the bridge, in July, 1891. The appellant then moved the court to strike out all the evidence with reference to the occurrence in June, and the testimony of a witness named John I. McClelland, and all the evidence of Annabel Duncan relating to the preparation of the instrument, and all her testimony relating to certain drugs. This motion to exclude evidence was overruled. It appears from the record, that the prosecuting witness had testified to acts of sexual intercourse with Bonsor at different times and places. She also testified that Bonsor had made and furnished her an instrument with which to produce a miscarriage after they had discovered that she was pregnant. She also testified that he had furnished her, at different times, ergot, spirits of turpentine, oil of tansy, and cotton root, and instructed her how to use them, with a view to produce such a result. It seems from the record, that the witness became pregnant by an act of intercourse that occurred prior to the particular act at the bridge, relied upon by the state.

From this brief statement, it will be seen that the specific complaint made by the appellant is, that his motion ought to have been sustained because no testimony ought to have been admitted or considered unless it tended to prove directly the

truth or falsity of the act of intercourse at the bridge. The precise contention, therefore, is, that all the evidence tending to show other acts of intercourse than the one under the bridge, or tending to show that the prosecuting witness was pregnant as the result of preceding acts of intercourse, and all evidence tending to show that the appellant furnished an instrument and various kinds of medicine calculated to produce an abortion, are violations of the rule stated in the specific complaint. Conceding to the fullest extent the correctness of the rule, the inquiry remains as to the effect of the evidence complained of. It is obvious that the evidence complained of might be used for other purposes than that of an effort to establish the commission of various acts of unlawful intercourse. In some cases repeated acts reinforce the probability that the particular act relied upon was committed, and are strongly corroborative of the statement of the prosecuting witness with respect to the particular act.

Illustrations of this can be found in the case of *The State v. Coulter*, 40 Kas. 87, where, in a trial on the charge of violating the prohibitory liquor law, it is claimed that the liquor alleged to have been sold was not intoxicating, it is competent to show sales other than that upon which the state relies for conviction, to establish the purpose for which the particular sale was made, and even to show sales included in counts of which the defendant had been acquitted. But this is a felony, and there may be doubts as to the application of the rule in the prohibitory cases to the facts in this case showing several different acts of intercourse. Without further comment on the motion to exclude the several acts, we are constrained to say, in deference to well-settled principles, that when the state elected to rely for conviction on the particular act of intercourse, the appellant had the right to have all the testimony excluded that did not tend to directly prove the truth of the charge of intercourse under the bridge, with the possible exception above noted, that of several acts as tending to corroborate the prosecuting witness. If all of these things complained of could be connected with the act under the bridge,

as preparation for the commission of the unlawful act, or as attempts to conceal its commission or consequences, they would be taken into consideration by the jury; but it is evident from the record that they were done for the purpose of concealing and avoiding the consequences of the commission of another and a prior unlawful act, and ought to have been excluded, on the motion of the appellant. They greatly tended, in our opinion, to influence the minds of the jury, and were undoubtedly greatly prejudicial in their effect.

We recommend that the judgment of conviction be reversed, and a new trial granted.

By the Court: It is so ordered.

All the Justices concurring.