No. 23,327.

THE STATE OF KANSAS, *Appellee*, v. JAMES WHITE, *Appellant*.

SYLLABUS BY THE COURT.

1. CRIMINAL LAW—*Fornication—Information Charges a Felony*. Any person who induces a female person to go from one place to another for the purpose of fornication, although the one place and the other are both within the same city—as from a restaurant to a rooming house, is guilty of a felony under section 319 of the crimes act (Gen. Stat. 1915, § 3646).

2. SAME — *Fornication — Evidence — "Uncorroborated Testimony of Woman."* The statutory requirement that no conviction shall be had under section 319 of the crimes act on the uncorroborated testimony of the woman may be satisfied by evidentiary facts and circumstances, not necessarily by eye-witnesses.

3. SAME—*Verdict—Variance*. In a criminal prosecution, where an instruction of the trial court and the jury's verdict are at material variance with the criminal charge and likewise at variance with the evidence, and where the appellate court cannot say with assurance that the variance was nonprejudicial, the judgment must be reversed.

Appeal from Cowley district court; OLIVER P. FULLER, judge. Opinion filed May 6, 1922. Reversed.

*H. S. Hines*, of Arkansas City, for the appellant.

*Richard J. Hopkins*, attorney-general, and *Ellis Fink*, county attorney, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: The defendant was charged with unlawfully and feloniously persuading, inducing, enticing, and procuring Jessie Hahn, a female person, to go from the restaurant of the defendant on Sumner street in Arkansas City to the Alamo rooming house in Arkansas City for the purpose of prostitution and fornication. He was convicted of thus inducing and persuading Jessie Hahn to go from the *St. Charles rooming house* to the Alamo rooming house in that city.

The statute under which the defendant was prosecuted, so far as it is material, reads:

"Any person . . . who shall persuade, induce, entice or procure . . . any female person . . . to go from one place to another within this state, for the purpose of prostitution, fornication or concubinage, shall be deemed guilty of a felony." (Gen. Stat. 1915, § 3646.)

The State v. White.

1. What is meant by the phrase "from one place to another within this state"? There is no doubt that the statute prohibits persuading a woman to go from one city to another for either of these proscribed purposes, and no question that the statute prohibits persuading a woman to go from the city into the country or from the country into the city for either of these purposes. If a woman is induced to go from one part of one of the larger cities of this state to a distant part of the same city, she must be going from one place to another. The distance between the places is immaterial, so long as it cannot be said they are one and the same place. If a woman were induced to go from her home to the rooms of some man in another house in the same block, or one, two, three, or any number of blocks away, the act would be a violation of this statute. If a woman is on the street and is induced to go to a building immediately on the side of the street, the statute is violated. If a woman is induced to go from a room occupied by her in a hotel to another room in the same hotel for either of these purposes, the statute would be violated. The word "place" as used in the statute does not mean city. If the legislature had intended that the act prohibited should be that of taking a woman from one city to another, that could have been said in so many words. The statute prohibits inducing a woman to go from one place to another place where the two places can be said to be separate and distinct from each other. If all the acts are done in one place, this portion of the statute is not violated. Otherwise it is. It may be helpful in interpreting this statute to note that it provides that "any person," even a third person, may be punished for persuading any woman to go from one place to another for illicit sexual purposes. The persuading, inducing, enticing, or procuring may be done by one whose business it is to procure women for immoral practices.

2. The statute provides that no conviction shall be had on the uncorroborated testimony of the woman. It is contended that such evidence was wanting in this case. We think not. There could seldom be a conviction for any crime involving illicit sexual intimacy if corroborating eyewitnesses were indispensable. The statutory requirement of corroboration can readily be satisfied by evidentiary facts and circumstances, if they are of sufficient potency to satisfy the jury. (*The State v. Waterman,* 75 Kan. 253, 88 Pac. 1074; 33 Cyc. 1498; 35 Cyc. 1360 *et seq.*)

· 3. We come now, however, to a question of greater consequence. The information charged the defendant with the offense of persuading, inducing, etc., Jessie Hahn to go *from his restaurant* to the Alamo rooming house for the purpose, etc. The evidence was to the same effect. He engaged the woman to work in his restaurant. She had come to the city the day before and stopped the first night at the St. Charles rooming house, but she had no definite place of abode. He told her he could get her a cheaper room. He engaged a room at the Alamo for one night for himself and wife. That night when her day's work was done at 8 p. m., he accompanied her to the door of the Alamo and told her the number of the room which he had engaged. She went to the room and retired for the night. He went back to his restaurant and remained there until closing time. Then about midnight he went to the room occupied by the woman, and shortly thereafter the police raided the place and after giving defendant and the woman time to dress took them to the police station. The trial court instructed the jury (No. VI) that before the jury could convict they must find that the defendant "did induce, procure or entice Jessie Hahn to go from the *St. Charles rooming house* to the Alamo rooming house," etc. In their verdict, the jury specifically found the defendant guilty of inducing or persuading her "to go from the *St. Charles rooming house* to the Alamo. This was not responsive to the charge, nor to the evidence; and both the instruction and the verdict were at variance therewith.

This palpable error in the instruction was probably an inadvertence, but this court cannot say that it was nonprejudicial. Counsel for the state make no answer to this assignment of error; and we can think of none which would not do violence to the settled rules of trial in criminal cases. This necessitates a reversal of the judgment and that the cause be remanded for a new trial.

It is so ordered.

BURCH, PORTER, and WEST, JJ., concur in the reversal of the judgment but dissent from the rule announced in Syl. ¶ 1, and corresponding part of the opinion.

JOHNSTON, C. J., concurs in the rule announced in Syl. ¶ 1, but holds that the error in the instructions was nonprejudicial and that the judgment should be affirmed.