No. 26,753.

THE STATE OF KANSAS, *Appellee,* v. W. G. ODLE, *Appellant.*

SYLLABUS BY THE COURT.

INDICTMENT AND INFORMATION—*Joinder of Offenses—Rape and Incest.* Two distinct sexual offenses (rape and incest) charged under different sections of the statute, each arising from a separate and distinct act of illicit sexual intercourse between the same parties but on different occasions, may be included in separate counts of the same information.

Appeal from Rooks district court; CHARLES I. SPARKS, judge. Opinion filed June 12, 1926. Affirmed.

*W. E. Mahin* and *J. F. Bennett,* both of Norton, for the appellant.

*Charles B. Griffith,* attorney-general, *Roland Boynton,* assistant attorney-general, *J. B. Riseley,* county attorney, and *W. L. Sayers,* of Hill City, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: The defendant appeals from a conviction of forcible rape and incest upon the person of his niece, Amy Odle.

The complaining witness, twenty-five years old at the time of the trial, was afflicted with severe epilepsy. She had stopped school when sixteen or seventeen years old; had never been married. She was afflicted with spells (fits), and had not been well for several years. Had known the defendant (her uncle) all her life. He had made his home with her family the last several years. There was evidence that he attacked her several times. The first time in the kitchen where she was at work and when all other members of the family were out of the house. This occurred in February, and defendant continued to pursue and take advantage of her on frequent occasions as late as September. It appears that he watched for opportunities to commit his acts upon her when other members of the family were away from the house. She was weak, both mentally and physically, which enabled him to gradually win her consent to frequent intercourse, a consent of one who only partially realized the consequences of the sexual relationship. It appeared that the defendant on more than one occasion said to her: "Amy, I wouldn't

Criminal Law, 16 C. J. pp. 602 n. 60, 609 n. 11. Incest, 31 C. J. pp. 376 n. 31, 378 n. 71, 382 n. 52. Indictment and Informations, 31 C. J. p. 784 n. 94; 14 R. C. L. 198.

do anything to harm you," and was thereby able to secure silence after his act of rape until pregnancy became apparent.

The defendant contends that two separate and distinct felonies were charged in the information, for which reason a motion to quash the information should have been sustained. He urges that the acts charged are not of the same general character, and cannot be joined in one information; that incest and rape are not subject to the same kind of evidence; and that proof of incest disproves the charge of rape, and proof of rape disproves the charge of incest. He cites and relies on *State v. Hodges*, 45 Kan. 389, 26 Pac. 679. The defendant's contention is not sound, nor does the Hodges case, in our opinion support his view. It was there said:

"Several separate and distinct felonies may be charged in separate counts of one and the same information, where all of the offenses charged are of the same general character, requiring the same mode of trial, the same kind of evidence, and the same kind of punishment; and the defendant may be tried upon all the separate counts at one and the same time; all resting in the sound judicial discretion of the trial court."

Although the two offenses charged are distinct offenses, they are of the same general nature. This is especially true under the facts here presented for consideration.

"The essential fact of the crime (of incest) is illicit carnal connection. The same offense which but for the relationship between the parties might constitute fornication, seduction, adultery or rape, under different circumstances becomes also incest when the parties to the illicit act are within the prohibited degrees of relationship." (14 R. C. L. 30.)

Essential ingredients of the offense of incest are the relationship of the parties (R. S. 21-906; 14 R. C. L. 30), and the joint criminality—that it can be committed only by the concurrent consent of the man and woman. (*State v. Learned*, 73 Kan. 328, 85 Pac. 293.)

Here two separate and distinct felonies were charged; one in the second count of the information, the charge of rape, in support of which the state elected to rely for a conviction upon the first act of sexual intercourse testified to by the complaining witness. The other, the charge of incest, in which the state elected to stand upon another act occurring several months later.

Two separate and distinct crimes were joined. They did not relate to one and the same transaction, but were part of a series of closely related transactions, associated with the debauchery of the unfortunate girl by her uncle. Incest and rape belong to the same family of crimes. Illicit sexual intercourse is the foundation of

each. They are of a similar character notwithstanding the fact that they may not be committed by the same act, since the crime of rape requires an element of force and the crime of incest an element of concurrent consent.

The question for consideration here is the propriety of joining the two in separate counts of one information. Two distinct sexual felonies, charged under different sections of the statute, each arising from a separate and distinct act of illicit sexual intercourse between the same parties, but on different occasions; the two, however, being closely related by circumstances, time of commission, and each part of a series of criminal conduct on the part of defendant. The only material difference in the two offenses is that in the crime of rape, charged in count two, the act occurred by force and against the will of the complaining witness, whereas in the crime of incest, charged in count one, the act occurred by concurrent consent of both parties, the crime being based upon the relationship existing between them.

It is largely a question of procedure, a matter resting in the sound judicial discretion of the trial court, whether or not the rights of a defendant will be prejudiced by the trial of the several charges at one time. In the instant case, no showing is made that the defendant was prejudiced in any manner by the joinder of the two counts. In *State v. Goodwin*, 33 Kan. 538, 6 Pac. 899, it was held that two distinct and separate felonies—one, taking a female under the age of eighteen years for the purpose of prostitution, and the other, taking the same female for the purpose of concubinage—could be joined in one information in separate counts. (See, also, *State v. Fisher*, 37 Kan. 404, 15 Pac. 606; *State v. Bussey*, 58 Kan. 679, 50 Pac. 891; *State v. Warner*, 60 Kan. 94, 55 Pac. 342; *State v. Bell*, 107 Kan. 707, 193 Pac. 373; *State v. John Handrub*, 113 Kan. 12, 213 Pac. 827; *State v. Saindon*, 117 Kan. 122, 230 Pac. 301; *State v. Hamilton*, 119 Kan. 564, 240 Pac. 416; *State v. Miner*, 120 Kan. 187, 243 Pac. 318.)

In the instant case the evidence in support of each count was proper against the defendant on the other count, as tending to show the lustful disposition of the defendant, and the existence and continuance of the illicit relationship. (*State v. Stitz*, 111 Kan. 275, 206 Pac. 910; *State v. Bisagno*, ante, p. 186.) The record discloses no error.

The judgment is affirmed.