No. 26,892.

THE STATE OF KANSAS, *Appellee,* v. MYRON MORRISON, *Appellant.*

SYLLABUS BY THE COURT.

1. INDICTMENT AND INFORMATION—*Joinder of Offenses—Rape and Fornication.* Two distinct sexual offenses (rape and fornication) charged under different sections of the statute, each arising from a separate and distinct act of illicit sexual intercourse between the same parties but on different occasions, may be included in separate counts of the same information. (Following *State v. Odle,* ante, p. 284, 246 Pac. 1003.)

2. PROSTITUTION — *Procuring to Go from Place to Place — Sufficiency of Evidence.* In a prosecution under R. S. 21-937 the evidence considered, and held sufficient to support a conviction.

3. SAME—*Evidence—Competency.* Certain evidence in the form of exhibits (chiefly letters) considered, and held to have been competent for the purpose of showing the existence and continuance of the illicit relation and as corroborative of other evidence in support of the crime charged, and further held that no prejudice is shown because such exhibits were sent to the jury room.

4. SAME — *Evidence — Sufficiency of Corroborating Evidence.* The statutory requirement that no conviction shall be had under R. S. 21-937 on the uncorroborated testimony of the woman, may be satisfied by evidentiary facts and circumstances. (Following *State v. White,* 111 Kan. 196, 206 Pac. 903.)

5. SAME—*Trial Generally.* Various alleged errors considered and held not to require a reversal.

Appeal from Allen district court; ROBERT E. CULLISON, judge. Opinion filed November 6, 1926. Affirmed.

*Frank R. Forrest,* of Iola, for the appellant.

*C. B. Griffith,* attorney-general, *Roland Boynton,* assistant attorney-general, *Burney Miller,* county attorney, *F. J. Oyler, W. H. Anderson* and *G. M. Lamer,* all of Iola, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: The defendant appeals from a conviction under the statute which provides, "Any person . . . who shall persuade, induce, intice or procure . . . any female person . . . to go from one place to another within this state for the purpose of prostitution,

---

Criminal Law, 17 C. J. p. 274 n. 22. Fornication, 26 C. J. pp. 990 n. 84, 993 n. 34. Indictments and Informations, 31 C. J. p. 780 n. 40; 14 R. C. L. 196.

State v. Morrison.

fornication or concubinage shall be deemed guilty of a felony."
(R. S. 21-937.)

The defendant was arrested upon a warrant and complaint containing three counts. The first count charged forcible rape. The second and third, violation of the statute above quoted (R. S. 21-937). The second count alleged that the defendant induced Loretta Morris to go from 707 North street, in the city of Iola, to 604 North Sycamore street, the same city, for the purpose of fornication. Count three charged that (at another and different date) the defendant persuaded and induced Loretta Morris to go from the city of Iola, Kan., to Kansas City, Mo., for the purpose of fornication.

On the trial the court sustained a demurrer to the state's evidence as to count three; the jury found the defendant not guilty on count one, and guilty on count two.

The defendant contends that the court erred in not sustaining his motion to quash the information because of duplicity and conflict in the several elements and different crimes charged carrying different punishments. He argues that count one was not in any way related to or part of the crimes charged in counts two and three; that they were inconsistent; "That the crime of forcible rape is foreign to the white slave statute and there is no common ground ·upon which one can stand for the rule of similarity. One is force and the other is acquiescence." A similar argument was made in *State v. Odle,* ante, p. 284, 246 Pac. 1003, where it was held that:

"Two distinct sexual offenses (rape and incest) charged under different sections of the statute, each arising from a separate and distinct act of illicit sexual intercourse between the same parties but on different occasions, may be included in separate counts of the same information." (Syl.)

Two separate and distinct crimes were joined. They did not relate to one and the same transaction, but were a part of a series of closely related transactions, associated with the debauchery of the complaining witness. Rape and fornication belong to the same family of crimes. Illicit sexual intercourse is the foundation of each. They are of a similar character, notwithstanding the fact that they may not be committed by the same act, since the crime of rape requires an element of force, and fornication an element of concurrent consent. The only question for consideration is the propriety of joining such separate counts in one information. They were distinct sexual felonies, charged under different sections of the

statute, each arising from a separate and distinct act of illicit sexual intercourse between the same parties, but on different occasions, being closely related by circumstances, time of commission, and each part of a series of criminal conduct on the part of the defendant. (*State v. Odle,* supra.)

Under the circumstances there was no impropriety in joining such counts in the same information.

The defendant contends that the evidence was insufficient to support the verdict of guilty on count two.

· The evidence showed, substantially, these facts:

The defendant and complaining witness had been keeping company for some time prior to October 28, 1923. On that day, which was Sunday, the complaining witness had gone with her family to the home of her aunt at 707 North street, to attend a birthday celebration. The defendant called the complaining witness on.the telephone and requested her to meet him and go to his home for the expressed purpose of learning how to make pumpkin pie. Pursuant to his request, Miss Morris left the home of her aunt with her three-year-old-brother. They met the defendant on the street and went to his home. The house, with the exception of the kitchen, was in general disorder on account of remodeling. After being there a short time the three-year-old boy was put in the bathroom, and it was during the time he was in the bathroom that the act complained of occurred.

The defendant argues that there was not sufficient corroboration of the testimony of the complaining witness to sustain the conviction. Various letters were introduced which tended more specifically to sustain the third count of the information. The court had sustained a motion by the defendant to strike out the evidence sustaining that count, but did not, however, strike out any evidence which tended to support the second count. In addition to the letters, which, in a general way, may be said to have corroborated the testimony of the conplaining witness on the second count, there was testimony of both the mother of Miss Morris and her aunt, who had answered the phone when the defendant called up.

In *State v. White,* 111 Kan. 196, 206 Pac. 903, it was held:

"The statutory requirement that no conviction shall be had under section 319 of the crimes act on the uncorroborated testimony of the woman, may be satisfied by evidentiary facts and circumstances, not necessarily by eye-witnesses." (Syl. See, also, *State v. Stitz,* 111 Kan. 275, 206 Pac. 910; *State v. Besango,* ante, p. 186, 246 Pac. 1001.)

State v. Morrison.

Considering all the circumstances, we are of opinion the corroborating evidence was sufficient.

The defendant contends that the trial court erred in permitting certain exhibits to be taken to the jury room. The evidence showed that the parties had gone to Kansas City for the purpose of being married; that while there they occupied the same room as husband and wife; that the defendant, however, put off the marriage from time to time, and that the parties were never married. He returned to Iola, while the complaining witness remained in Kansas City, still looking forward to and expecting the defendant to marry her. The exhibits in question were chiefly letters written by the defendant to the complaining witness while she was in Kansas City. The court sustained a demurrer to the evidence on the third count on the theory that the parties had not gone to Kansas City for the purpose of fornication, but had gone there to be married and afterwards changed their minds. This being the situation, the defendant contends that the exhibits were introduced only in support of the third count, and that when the court instructed the jury to consider no evidence in support of that count, that the exhibits were eliminated from the case. It is apparent that the trial court entertained the view that the exhibits were corroborative of the charge against the defendant in the second count. We are of the same opinion.

The defendant cites *State v. Bonsor,* 49 Kan. 758, 31 Pac. 736, as sustaining his contention. It was there said:

"The state elected to rely on a particular act, and under this election it was the duty of the trial court to exclude from the consideration of the jury all testimony with reference to other acts that did not tend to prove the commission of the particular act relied upon by the state for conviction."

This language from the syllabus of the case might indicate that no evidence should be introduced even if corroborative, unless it tended to directly prove the particular act. It appears, however, that the court excepted from the expressed rule evidence which was corroborative of the act complained of. The opinion contains this language:

"Without further comment on the motion to exclude the several acts, we are constrained to say, in deference to well-settled principles, that when the state elected to rely for conviction on the particular act of intercourse, the appellant had the right to have all the testimony excluded that did not tend to directly prove the truth of the charge of intercourse under the bridge, with the possible exception above noted, that of several acts as tending to cor-

roborate the prosecuting witness. If all of these things complained of could be connected with the act under the bridge, as preparation for the commission of the unlawful act, or as attempts to conceal its commission or consequences, they would be taken into consideration by the jury; but it is evident from the record that they were done for the purpose of concealing and avoiding the consequences of the commission of another and a prior unlawful act, and ought to have been excluded, on the motion of the appellant." (p. 762.)

The rule has been relaxed since the decision in *State v. Bonsor,* supra.

In *State v. Borchert,* 68 Kan. 360, 74 Pac. 1108, it was said:

"In a prosecution upon a charge of statutory rape, where it is claimed that the act relied on for conviction was a part of a course of illicit commerce between the defendant and the complaining witness, it is not error to admit evidence of other acts similar to that so relied on, for the purpose of showing the relations existing between the parties." (Syl.)

In *State v. Brown,* 85 Kan. 418, 116 Pac. 508, it was said:

"In a prosecution for carnal knowledge of a female under the age of eighteen years, evidence of anterior and subsequent acts of sexual intercourse between the prosecutrix and the defendant may be received in evidence to show the relations existing between the parties as well as their disposition toward each other. Evidence of such other acts are not admitted to show other offenses but as tending to show the offense on which a conviction is sought, and the testimony is not rendered inadmissible because it may tend to prove the commission of other offenses." (Syl. See, also, *State v. Walke,* 69 Kan. 183, 76 Pac. 408; *State v. Learned,* 73 Kan. 328, 85 Pac. 293; *State v. Stone,* 74 Kan. 189, 85 Pac. 808; *State v. Hansford,* 81 Kan. 300, 106 Pac. 738; *State v. Stitz,* 111 Kan. 275, 206 Pac. 903; *State v. Odle,* supra.)

We regard the exhibits as being properly in evidence and unless the defendant was prejudiced by their being taken to the jury room he has no ground of complaint. We cannot presume that the defendant was prejudiced, and as no prejudice is shown the complaint cannot be sustained.

Complaints of certain of the instructions, and that the jury disregarded others have been considered and cannot be sustained.

Various other alleged errors have been considered, but we find none which warrant a reversal.

The judgment is affirmed.