No. 28,061.

THE STATE OF KANSAS, *Appellee*, v. CHARLES CLARK, *Appellant*.

(266 Pac. 37.)

SYLLABUS BY THE COURT.

1. PROSTITUTION—*Procuring to Go from Place to Place—Information—Duplicity*. Where defendant was charged in a single count with persuading a female person to go from one place to another for the purpose of prostitution and concubinage, contrary to R. S. 21-937, the gist of the offense was that of getting her to go from one place to another for an immoral purpose, and where no material issue arose under the evidence as to which of the immoralities denounced by the statute was involved in the offense, the overruling of defendant's motion to quash on the ground of duplicity was not prejudicially erroneous.

2. SAME—*Procuring to Go from Place to Place—Election*. Where the gist of the offense was that of persuading a female person to go from one place to another within this state for an immoral purpose as denounced by the statute (R. S. 21-937), and where the information charged but a single count, it was not necessary to require the prosecuting attorney to elect as to which of several inconsequential changes of residence or short journeys within the same city or county made by defendant in company with his paramour would be relied upon for a conviction, where the evidence disclosed nothing concerning them in doubt or dispute which tended to prejudice defendant in making his defense to the charge.

3. SAME—*Procuring to Go from Place to Place—Necessity of Distinguishing Between Prostitution and Concubinage*. The rule announced in *State v. Goodwin*, 33 Kan. 538, 6 Pac. 899, considered, and its scope limited to cases where the protection of the rights of an accused person may still require the inherent distinction between prostitution and concubinage to be defined and preserved.

4. SAME—*Generally*. Other objections to the judgment noted but not sustained.

Appeal from Montgomery district court; JOSEPH W. HOLDREN, judge. Opinion filed April 7, 1928. Affirmed.

*Harold Medill*, of Independence, for the appellant.

*C. W. Mitchell*, county attorney, and *Theo. F. Varner*, assistant county attorney, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: The defendant was convicted of the felony defined by R. S. 21-937, the pertinent part of which declares—

Criminal Law, 17 C. J. pp. 55 n. 99, 285 n. 17, 286 n. 41.   Indictments and Informations, 31 C. J. p. 768 n. 53.

"Any person who shall knowingly . . . persuade, induce, entice, or procure, or assist in persuading, inducing, enticing or procuring any female person for the purpose of prostitution . . . or concubinage . . . to go from one place to another within this state for the purpose of prostitution . . . or concubinage shall be deemed guilty of a felony."

The information with preliminary recitals alleged:

"That heretofore and to wit on or about the 9th day of May, A. D. 1927, at and within the county of Montgomery and state of Kansas, the above-named defendant, Charles Clark, then and there being, did then and there willfully, wrongfully, unlawfully and feloniously persuade, induce, entice and procure one Lillian Smalley, a female person, to go from one place to another within the state of Kansas for the purpose of prostitution *and* concubinage; all contrary to . . . the form of the statute," etc.

Defendant filed a motion to quash on four grounds, two of which read:

"4. That said information attempts to charge two offenses in the same count, and is bad for duplicity.

"2. That offenses attempted to be charged are not stated with such a degree of certainty as to the place where said offenses occurred that the court could pronounce judgment upon conviction according to the rights of the case."

This motion was overruled, and the cause was called for trial. At the conclusion of plaintiff's opening statement counsel for defendant made the following oral motion:

"Comes now the defendant, and moves the court to require the state to elect on which offense they are now seeking to go to trial, as to whether or not they seek to go to trial on inducing, enticing and persuading one Lillian Smalley to go from one place to another in Montgomery county, Kansas, for the purpose of *prostitution,* or whether they seek to go to trial on inducing, enticing and persuading Lillian Smalley to go from one place to another in the county of Montgomery in the state of Kansas on the charge of *concubinage.*"

This motion was overruled, and the state presented its evidence, which tended to show that the woman in the case, Lillian Smalley, met defendant in Caney and he gave her money to buy a railway ticket to Independence. Defendant went with her to the latter place. They rented a room at 418 South Ninth street and lived there in adulterous association for a week and a half. Their landlord ordered them to leave, and she went to Tulsa, Okla., for two days, and defendant sent her money for a railway ticket to return to Independence. She came, and defendant met her at the depot and they secured rooms at 415 North Fourth street and resided there in adulterous relationship for two or three days. Then they moved to

308 North Fourth street and lived there in adulterous intercourse. At this stage of the state's evidence, this incident is recorded:

[Counsel for Defendant]: "We object; I don't know what offense the state is relying on. I think they ought to take up one of these; they have a half a dozen in here now they are attempting to prove. I think they ought to stand on some one of them.

"The Court: I don't think they have two separate offenses; it is willfully, wrongfully, unlawfully persuade, entice and induce Lillian Smalley, a female person, to go from one place to another in the state of Kansas for prostitution or concubinage.

[Counsel for Defendant]: "I presume they are relying on some one offense.  

"The Court: Maybe they don't know until they get through; if there is none proven here your motion to dismiss should be made."

The foregoing is only a partial summary of the evidence, but will serve to develop the legal questions with which we are presently concerned.

The jury returned a verdict as follows:

"We, the jury in the above-entitled cause, on our oath find the defendant, Charles Clark, guilty of persuading, inducing, enticing or procuring or assisting in persuading, inducing, enticing, or procuring a female person for the purpose of prostitution *or* concubinage, to go from one place to another within this county and state for the purpose of prostitution *or* concubinage, all in the manner and form charged by the information."

Defendant's motions in arrest of judgment and for a new trial were overruled, and he was sentenced to penal servitude for a term of from one to five years. He appeals, first urging that the information charged two offenses in one count, and in support of this point he cites *State v. Goodwin,* 33 Kan. 538, 6 Pac. 899, where it was held:

"Where an information charges that a defendant took away a female under the age of eighteen years from her father, without his consent, for the purpose of prostitution *and* concubinage, there is a joinder of two distinct offenses in one count, and therefore the information is bad, for duplicity." (Syl. ¶ 3. See, also, *State v. Schwitzer,* 27 Kan. 499; *State v. Anderson,* 34 Kan. 116; *State v. Longton,* 35 Kan. 375.)

The prosecution in that case was under R. S. 21-428, which reads:

"Every person who shall take away any female, under the age of eighteen years, from her father, mother, guardian, or other person having legal charge of her person, without their consent, either for the purpose of prostitution or concubinage, shall upon conviction thereof be punished by confinement and hard labor for a term not exceeding five years."

We would not say there is a fundamental distinction between that section of the crimes act and the one under which this prosecution was based. Rather would we frankly confess that the lapse of forty odd years since the Goodwin case was decided has changed the attitude of courts towards the administration of criminal law. (*State v. Seidel,* 113 Kan. 390, 392, 214 Pac. 565.) Much that was said in the Goodwin case is still good law. We still recognize that prostitution and concubinage are quite different criminal acts, and cases may and sometimes do arise where court and counsel must preserve the proper distinction between them. Such a situation would develop if part of the evidence tended to show the accused had taken away the female for the purpose of concubinage and another part of the evidence tended to show that the taking was for the grosser purpose of prostitution. In any such case, doubtless much that is said in *State v. Goodwin* will continue to be both instructive and important. But in the present case there was no hint in the evidence or otherwise that the defendant had any purpose to devote the woman to prostitution when he induced her to go with him from one place to another within this state. The defendant was never misled by the technically duplicitous words "prostitution and concubinage" contained in the information. He simply planted his objection in the record for whatever it might be worth, and in this appeal it is worth nothing, for the good reason that he was not prejudiced thereby. The criminal code, section 293, R. S. 62-1718, provides:

"On an appeal, the court must give judgment without regard to technical errors or defects, or to exceptions which do not affect substantial rights of the parties."

In *State v. Fleeman,* 102 Kan. 670, 171 Pac. 618, where a conviction was had under another section of the statute, there was a motion to quash the information which had alleged that defendant feloniously kept "a place where prostitution, fornication and concubinage was practiced, permitted and allowed." This court said:

"The defendant says he was charged in a single count with numerous felonies —keeping a place where prostitution was practiced, keeping a place where fornication was practiced, keeping a place where concubinage was practiced, and several others. He further says he was bewildered by uncertainty whether he should prepare to meet evidence that he kept the place, or only assisted in keeping it, and evidence that he owned the place, or merely leased it. The statute creates a single offense—keeping a place for unlawful sexual commerce

on premises for which the keeper is responsible. The keeping may be by one who keeps, or maintains, or who assists in keeping, or maintaining. The place may be a house, or any other place. The commerce may be prostitution, fornication, or concubinage, and the place may be one distinctively for such commerce, or one where such commerce is practiced, or is permitted, or is allowed. Responsibility for the premises may be by virtue of ownership, or lease, or control. The substance of the offense is keeping a vicious place, and only one offense is committed if all the immoral practices named be indulged there." (p. 676.)

And the same reasoning should be applied to the section of the statute with which we are now concerned. The substance of the offense was that of getting the woman to go from one place to another within this state for any such illicit sexual commerce as that denounced by the statute.

When a case shall arise where the distinction between prostitution and concubinage is material, doubtless the courts will properly protect the rights of the accused as was done in *State v. William*, 106 Kan. 778, 189 Pac. 906, where defendant was prosecuted in one count for taking away a female child for the purpose of prostitution, and on another count for taking her away for the purpose of concubinage. Defendant was convicted on count 1 and acquitted on count 2. This court said:

"There was some evidence against William which might have justified a verdict and judgment on the second count, but the jury acquitted him on the latter charge. . . .

"This court is constrained to hold that the foregoing evidence (all questions of its competency aside) does not prove the charge that the defendant took this girl away from her parents for the purpose of prostitution. . .

"Since the jury acquitted the defendant upon the only charge which the evidence tended to establish, and the evidence entirely fails to prove the charge upon which defendant was convicted, the judgment cannot stand." (pp. 779, 781.)

In *State v. Tucker*, 72 Kan. 481, 84 Pac. 126, it was held that the principal element in the crime of taking away a female child, without the consent of her parents, for the purpose of prostitution or concubinage was the unlawful purpose involved in the taking, and that the offense would be complete although the child was not actually debauched in either fashion as a result of such unlawful taking. (See, also, *State v. Bussey*, 58 Kan. 679, 50 Pac. 861.)

The court holds that the trial court's ruling on the motion to quash the information was not prejudicially erroneous. (*State v.*

*Fleeman,* 102 Kan. 670, 171 Pac. 618, syl. ¶¶ 4, 5.) And as at no stage of the trial nor in the introduction of evidence for either party did any practical question arise whereby defendant's guilt or innocence depended upon any essential difference between prostitution and concubinage, the trial court's ruling on defendant's motion requiring the state to elect was nonprejudicial.

The same conclusion must be reached touching defendant's point that the defendant's several acts in getting the woman to go from one abode to another in Independence, if proven, would constitute separate offenses. In a somewhat analogous case, *State v. Robinson,* 124 Kan. 245, 259 Pac. 691, the defendant was convicted on one count of obtaining money by false pretenses. He did obtain five separate sums of money pursuant to a continuous but progressive scheme of false pretenses. It was urged that error inhered in dealing with defendant's several acquisitions of ill-gotten money as one offense. This court said:

"It seems to be defendant's contention that he should have been prosecuted on separate and independent counts for each particular sum he and his codefendants obtained from Hale, viz.: Count *one,* for the first sum of money, $3,500, they got from Hale; count *two,* for the next sum, $5,000, so taken; count *three,* for the next sum, $7,500; count *four,* for the next $6,000; and count *five,* for the final sum, $6,500. It is possible a prosecution and conviction of defendant on five separate counts with separate and consecutive sentences thereon might have been upheld. But the state's theory of the case was a rational one, and one well supported by the evidence—that Robinson and his associates abstracted all these sums of money from Hale pursuant to a single definite plan, and that the repeated receipts of these sums of money were but incidents of one continuing offense. . . .

"The information was in fact a bill of particulars, but certainly defendant had no just complaint thereof. . . . The motion to quash was properly overruled." (pp. 248, 249.)

Another objection to the judgment relates to the competency of the woman's testimony. She was the state's principal prosecuting witness. Defendant asserts that the sheriff and county attorney kept her in jail and would not permit him to see and talk to her concerning her testimony. That incident did not render her testimony incompetent. If defendant had not waived a preliminary examination he would have discovered what would be the nature of the woman's testimony against him.

Defendant's final point is—and his testimony at the trial was to this effect—that he and the woman were merely living together

as man·and wife without being married to each other, and that he was therefore guilty of adultery, but he was not charged with that offense. That was a good point to urge on the trial court and jury, but it avails naught on this appellate review. Doubtless it is possible for a man to live in adulterous association with a woman, being liable only for the minor penalties of the crimes act for so doing, and without violating the provisions and incurring the drastic penalties of the later statute under which this prosecution was brought, but to do so he must watch his step more carefully than this defendant did.

There is no prejudicial error in the record and the judgment is affirmed.