No. 29,338.

THE STATE OF KANSAS, *Appellee*, v. JOE SPEER, *Appellant*.

(285 Pac. 639.)

Opinion filed March 8, 1930.

*Donald Muir,* of Anthony, and *Adrian S. Houck,* of Medicine Lodge, for the appellant.

*William A. Smith,* attorney-general, *R. O. Mason,* assistant attorney-general, *J. Howard Wilcox,* special counsel, and *Guy Neal,* county attorney, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: The defendant in this case appeals from a conviction and sentence under R. S. 21-937, of which the portion applicable to this case is as follows:

"Any person who shall persuade, induce, entice or procure or assist in persuading, inducing, enticing or procuring any female person for the purpose of prostitution, fornication or concubinage, . . . to leave the state or to go from one place to another within this state, for the purpose of prostitution, fornication or concubinage shall be deemed guilty of a felony."

The charging part of the information was as follows:

"That on the 21st day of June, 1928, at the county of Harper in the state of Kansas, Joe Speer did then and there unlawfully and feloniously persuade, induce, entice and procure one Gussie Scott, a female person, under the age of eighteen years, to go from the city of Anthony, Kansas, to a point in the country for the purpose of fornication."

The complaint was signed by an uncle of Gussie Scott named in the information. She was not present and did not testify at the trial, and evidence was offered of various unsuccessful attempts on the part of the state to find her.

The demurrer of the defendant to the evidence of the state was

overruled, and the defendant stood on the demurrer and offered no evidence; neither did he cross-examine any of the state's witnesses. The jury was instructed and brought in a verdict of guilty, and defendant took his appeal after the overruling of the motion for new trial.

The appellant insists that it was error to overrule the motion for new trial because the evidence was not sufficient to prove the offense charged. There was no direct evidence of the immoral purpose of the trip other than that which might be drawn from the facts and circumstances. This might be sufficient so far as that feature of the offense is concerned, since it has been held to be unnecessary that any immoral conduct take place if there exists the specific immoral purpose. (State v. Rieman, 118 Kan. 577, 235 Pac. 1050.) There was evidence of conversations with the defendant as to his intimate and sexual relation with girls and with this girl, but not on this or any other trip. It is insisted by the appellant that there is absolutely no evidence that the defendant persuaded, induced, enticed or procured Gussie Scott to go with him from Anthony to a point in the country. There was evidence that this girl and another girl went in defendant's car with him and Horace Gillett on the night of June 21, 1928, about three and one-half miles southwest of Anthony and returned about 12:30 at night; that the Scott girl drove the car; that defendant sat beside her and Horace next to him and the other girl sat on Horace's lap; that on the trip the Scott girl and defendant kissed each other; that no one got out of the car and no improper or immoral talk or conduct occurred on the trip; that these four had made similar trips before that time. The other girl testified that the Scott girl had asked her to go on this trip and she heard the Scott girl call up the defendant on the telephone and tell him that they would go that night; that the Scott girl came to her home that night and they went to the camp grounds where they met the defendant and Horace and came to the filling station of the defendant and started to the country from the filling station; and that the Scott girl drove the car all the way out and back to town. Even if the immoral purpose be conceded, where is the evidence of persuading, inducing, enticing or procuring? It was held in State v. Rieman, supra, that "the word procure means to bring about, effect, cause." The defendant must be shown to have done or said something to bring about, effect or cause the girl to go with him on the trip. In a later case it was held:

"Where defendant was charged in a single count with persuading a female person to go from one place to another for the purpose of prostitution and concubinage, contrary to R. S. 21-937, the gist of the offense was that of getting her to go from one place to another for an immoral purpose." (*State v. Clark,* 125 Kan. 791, syl. ¶ 1, 266 Pac. 37.)

If the gist of this offense is that of getting Gussie Scott to go from one place to another for an immoral purpose, what did defendant say or do in getting her to go? There is nothing in the record before us that shows this very gist of the offense. On the contrary, all the evidence there is on the subject aside from the use of defendant's car is that the Scott girl did something toward getting the defendant to go—she telephoned him.

We are compelled to conclude that there is not sufficient evidence to establish or prove that the defendant procured or did or said something toward getting the Scott girl to go with him as charged in the information, and no evidence whatever showing that he persuaded, induced or enticed her to go. The demurrer to the evidence should have been sustained.

The judgment is reversed.