No. 43,654

STATE OF KANSAS, *Appellee*, v. MICHAEL F. GREEN, *Appellant*.

(388 P. 2d 657)

Opinion filed January 25, 1964.

*Earl C. Moses, Jr.*, of Great Bend, argued the cause, and was on the brief for the appellant.

*Larry E. Keenan*, county attorney, argued the cause, and *William M. Ferguson*, attorney general, and *Brock R. McPherson*, assistant county attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

WERTZ, J.: Michael F. Green, defendant (appellant), was charged, convicted and sentenced on two counts of an information:

(1) in procuring one Fran L. Mace, a female, for the purpose of prostitution and to remain in a place where prostitution was permitted, and (2) in procuring said female for the purpose of prostitution to go from one place to another within the state, all in violation of G. S. 1949, 21-937.

From an order overruling his motion for a new trial, the defendant appeals and asserts there was not sufficient evidence to support a conviction and that the trial court erred in admitting illegal testimony prejudicial to the rights of the defendant.

We will not burden our reports with the detailed facts involved in this criminal prosecution. Only a brief resumé of the most pertinent facts necessary to determine the issues involved will be narrated.

About January 1, 1963, Fran Mace telephoned from Denver, Colorado, to the defendant, a bellboy at a Great Bend hotel about whom she had learned from other prostitutes. During the conversation she told the defendant she was a prostitute and needed some money and wanted a place to work. The defendant made an appointment for her for January 13 for one week. He told her to be at the hotel in Great Bend by 2:00 p. m., to come in through the back door of the hotel, go to the second floor, ring the elevator button, and he would come down. During this conversation they agreed on a sixty-forty split of her earnings.

On January 12 Fran Mace arrived in Great Bend on flight 92 from Denver. She called a taxicab and went to the back entrance of the hotel. She went to the second floor, as previously directed by the defendant, and rang for the elevator. The defendant responded to her call with the elevator. Mrs. Mace introduced herself and the defendant gave her room 217. Later that evening she and the defendant talked at length, discussing the different "dates" and how much time to take with the customers; defendant also said he would tell her how much the different customers would pay.

The following day Mrs. Mace filled out a registration card in the fictitious name of "Holden." On the card she gave her business as "Delco Remy" and her address as Dallas, Texas.

Fran Mace commenced practicing her vocation as a prostitute on January 13. She had "dates" during each day and night thereafter for a period of five days. About 75 percent of the customers came to her room and the remainder of the time she went to the customers' rooms. Each time a customer came to her room either he would be accompanied by the defendant or would tell her that the

defendant had sent him. When Mrs. Mace went to a customer's room the defendant would always tell her where to go by giving her the room number.

On January 15, two days after Mrs. Mace had started to work, the defendant moved her from room 217 to room 327 in the hotel because he thought others in the hotel were becoming suspicious of her activities.

A written record of each "date" and the earnings therefrom was kept by Mrs. Mace from January 13 to January 18, which indicated she had sixty-two separate prostitution dates from which she grossed approximately $957, of which amount she retained 60 percent and gave the other 40 percent to the defendant in accordance with their previous agreement.

The sequence of events leading up to the arrest of the defendant and Mrs. Mace began on the evening of January 17 when two investigating officers checked into the hotel. The officers were assigned adjoining rooms. During the evening they made contact with the defendant and inquired of him if there were any parties or girls available. About 1:00 a. m. on January 18 the defendant informed one of the officers, who was in room 201, that a girl would be down in a few minutes. Subsequently Fran Mace entered the officer's room and introduced herself. After the "date" had been paid for and the necessary preparations for the "date" were completed, the officer informed Mrs. Mace he was a police officer and that she was under arrest. The other officer then entered from the adjoining room, 202, where he had stationed himself and had overheard the entire proceedings.

Following the arrest of Fran Mace, the officers, at her request, accompanied her to room 327 where she removed an envelope containing $540 from the lining of her coat that was hanging in the room. The officers and Mrs. Mace then went to the elevator. Defendant came up on the elevator and was advised he was under arrest. The group then went to the police station.

The written record of Fran Mace's prostitution earnings was taken from her hotel room, 327, by police officers following her arrest and subsequently introduced into evidence at the trial of the instant case.

The statute (G. S. 1949, 21-937) provides no conviction shall be had on the uncorroborated testimony of the woman. It is contended that the evidence was wanting in this case. We find no merit in this contention. There could seldom be a conviction for any crime involving illicit sexual intimacy if corroborating eyewitnesses were

indispensable. The statutory requirement of corroboration can readily be satisfied by evidentiary facts and circumstances, if they are of sufficient potency to satisfy the jury. (*State v. White*, 111 Kan. 196, 206 Pac. 903; *State v. Rieman*, 118 Kan. 577, 235 Pac. 1050; *State v. Bonskowski*, 180 Kan. 726, 730, 308 P. 2d 168.)

Also, defendant's argument that no evidence was introduced to show the woman engaged in prostitution is without merit. A review of the record discloses there was ample evidence, not only parol and written but also circumstantial, to sustain the conviction on both counts. In *State v. White*, supra (p. 197), it was said if a woman is induced to go from one room occupied by her in a hotel to another room in the same hotel for the purpose of prostitution, the statute would be violated. In addition to Mrs. Mace's testimony the records of the hotel disclose she was transferred from one room in the hotel to another.

Defendant also contends the court erred in admitting over his objection a police court record showing the conviction for prostitution of a person in violation of a city ordinance of Great Bend supposedly committed at the same hotel some six months previously. The exhibit did not involve the defendant, was not relevant to the case and should not have been admitted. It neither tended to prove nor disprove any offense with which the defendant was charged. However, we fail to find where the admission of the exhibit in any way prejudiced the defendant.

We concede the admission of the testimony was irrelevant in the instant case; however, it does not follow that the judgment should be reversed and a new trial ordered. In the first place, we are directed by statute (G. S. 1949, 62-1718) to disregard technical errors or defects not prejudicial to the substantial rights of the parties. In compliance with the mentioned statute many judgments have been affirmed in spite of technical errors. In the second place, the errors must be appraised in the light of the whole record to determine whether substantial rights have been prejudiced. (*State v. Appleby*, 155 Kan. 871, 874, 130 P. 2d 568; *City of Wichita v. Hibbs*, 158 Kan. 185, 187, 146 P. 2d 397.) In considering the entire record we find no prejudice to the defendant resulted.

Other matters discussed have not been overlooked but are found to be without substantial merit to warrant a reversal of the judgment. The judgment of the trial court is affirmed.

JACKSON, J., not participating.