## GRAHAM v. STATE OF INDIANA.

[No. 30,877. Filed November 15, 1967.]

*William C. Erbecker*, of Indianapolis, for appellants.

*John J. Dillon*, Attorney General, and *Donald R. Ewers*, Assistant Attorney General, for appellee.

ARTERBURN, J.—The appellants in this cause were found guilty of procuring a female to inhabit a house of prostitution. The appeal is based upon the single proposition that the evidence does not sustain the conviction. For that purpose we must briefly review the evidence most favorable to the State.

Briefly, the evidence shows that Judy Vickery testified that she was 16 years old; that in November, 1964, one William

Jones took her to the home of the appellants. She testified she did not take any baggage or clothing with her to appellant's home and she stayed there until the latter part of December of that year. She testified she acted as a prostitute during the period she resided in the appellants' home. She stated she solicited men on North Meridian Street and took them to the appellants' residence; that in consideration of her services, the men gave her money. She testified that these acts of prostitution took place every night during the period of November and December, 1964. She testified there were three bedrooms in the appellants' residence, and that she, with the appellant Gloria Toombs and Marsha Howards, all performed acts of prostitution on the same nights at appellants' home. There was testimony that appellant Anthony Graham was in possession of the premises and rented them and that he made the premises his home with his wife, the appellant Gloria Toombs Graham. The witness further testified that she gave money she received from the men to William Jones and that Jones paid some of this money to the appellant-Graham, presumably as rent. There was other testimony that Judy Vickery had engaged in prostitution prior to November, 1964.

It is the contention of the appellants that there is no evidence showing that the appellants procured Judy Vickery as an inmate of a house of prostitution. The statute, Acts 1911, ch. 174, § 1, p. 439, being Burns' Ind. Stat. Anno. § 10-4211 (1956 Repl.) states in part:

"Any person who shall procure a female inmate for a house of prostitution or who, by promises, threats, violence or by any device or scheme shall cause, induce, persuade or encourage a female person to become an inmate of a house of prostitution. . . ."

We think the evidence shows that the Vickery girl certainly was an inmate of a house of prostitution, but this does not prove that the appellants "procured" her as such an inmate. The evidence is entirely void of any act on the part of the appellants which shows that they induced her in any fashion

to come to their place and home to live. 73 C. J. S., *Prostitution*, Sec. 7e, p. 236 states:

"In order to constitute the offense under a statute which denounces the use of promises, threats, violence, or any device or scheme to cause or induce a female to become, or to remain as, an inmate of a house of prostitution, it must appear that the means used were with that design and purpose, and that they were fairly calculated or naturally tending to produce the result . . ."

We feel the case of *LaMar* v. *State* (1952), 231 Ind. 508, 109 N. E. 2d 614 is decisive of the question in this case. In that case, after reviewing the evidence, the court states at pp. 514, 515:

"From this evidence we cannot say that any promises were made, or a device and scheme was entered into, to cause Diane Hamilton to become an inmate of a house of prostitution; nor is there any evidence to show any device, scheme, cause, inducement, persuasion, or encouragement of Diane Hamilton to remain as an inmate of a house of prostitution."

The Court in *LaMar* v. *State, supra,* at p. 517, cites with approval the case of *State* v. *Speer* (1930), 130 Kan. 226, 227, 285 P. 639, 640:

"Even if the immoral purpose be conceded, where is the evidence of persuading, inducing, enticing or procuring? It was held in *State* v. *Rieman, supra,* that 'the word procure means to bring about, effect, cause.' The defendant must be shown to have done or said something to bring about, effect or cause the girl to go with him on the trip."

For the reasons stated, we find the evidence here does not sustained the conviction or charge of procuring a female to inhabit a house of prostitution.

The judgment is reversed and a new trial granted.

Hunter, C. J. and Jackson, Lewis and Mote, JJ., concur.

NOTE.—Reported in 231 N. E. 2d 28.